*313
 
 Battle, J.
 

 This case comes before the Court, upon the appeal of both parties, and to the proper understanding of it, the following statement is necessary: The plaintiff’s intestate, Samuel B. Dozier, was, at the time of his death in December, 1850, and had been for several years before that time, Sheriff of the county of Currituck. Upon his death, the defendant’s intestate, Thomas Gregg, who had been his deputy for several years, and, as such, had undertaken to collect taxes for him in a certain district of the county, took out, on the 23d day of December, special letters — and at the February Term of the County Court following, general letters, of administration on his estate. While special, and before he had become the general • administrator, a private Act of the General Assembly was passed, authorizing him as Administrator of Dozier, the late Sheriff, to collect the arrears of taxes due for the years 1847, 1848, and 1849. (See Act of 1850, ch. 248.) He afterwards died before completing his administration, when the relator, Eugene Morton, took out letters of administration,
 
 de bonis non,
 
 on the estate of. his intestate, Dozier, and the defendant, Solomon Ashbee, became administrator on his (Gregg’s) estate. This suit was then brought against the defendant alone, on Gregg’s bond as general administrator, and a reference was made, by the consent of parties, to a commissioner to state an account of the amount for which Gregg, as administrator, was responsible. Upon the coming in of the report, the defendant excepted to it, first, because the Commissioner had charged his intestate with the sum of $164.29, as the balance due but uncollected upon the tax list for the year 1847; with $438.91 due but uncollected upon the list for 1848 ; and with $404.38 due but uncollected upon the list of 1849.
 

 Secondly, because his intestate was charged $543, which his intestate, as deputy Sheriff, ought to have collected upon the tax list placed in his hands for collection in his district from the year 1842 to 1850.
 

 His Honor, in the Court below, overruled the first, and sustained the second exception, and gave a judgment accordingly, from’which both parties appealed.
 

 
 *314
 
 In tbe argument here, the defendant’s counsel contends that the action upon the bond of the first administrator cannot be sustained at the relation of the administrator
 
 de bonis non.
 
 But it is clearly settled to the contrary by the cases, among others, of Taylor, v. Brooks, 4 Dev. and Bat. Rep., 139, and State v. Johnston, 8 Ired. 897. The counsel has next contended, that if the suit can be maintained, the relator can recover only . nominal damages, because he has not shown that his intestate’s estate has sustained any substantial damage by the default of the defendant’s intestate, the first administrator, in failing to collect and pay over the taxes. This objection cannot be sustained, for the reason that it was the duty of the first administrator to collect whatever was due to his intestate’s estate, for the purpose of paying debts, in the first place, and then distributing the residue among those entitled to receive it. Whatever he collected and left unaccounted for, or failed to collect for the want of due diligence, he is responsible for to the administrator
 
 de bonis non,
 
 whoso duty it will be, when he collects it, to administer it by paying debts, &c. The counsel next contends, in support of his first exception, that Gregg could not, by the exercise of proper diligence, have collected the taxes due on the lists for the years 1847, 1848, and 1849; that he had no right to collect them, because, by the general law, (see 1, Rev. Stat. ch. 102, sec. 47,) that right was given to the sureties of the Sheriff, and the Legislature could not take it from them and give it to the administrator; that if the Legislature had such power, the right to collect was conferred upon him as special administrator, and as such, he had had no time to make the collections, and finally, that the act in question conferred only a discretionary power, but imposed upon him no obligation to collect the taxes aforesaid. We are clear as to the power of the Legislature to pass the Act in question, and that it gave him the right to collect as general administrator. If the act had said “ that the administrator of Samuel B. Dozier, late Sheriff of Currituck county, shall collect the arrears of taxes,. &c., we think there
 
 *315
 
 can be no doubt, that, though there might have been no administrator at the time of the passage of the act, yet, whoever af-terwards took out letters, would have been entitled to collect. Can it make any difference that a particular person was called administrator, who was not such at the time, but subsequently became So? We think not. The right having been conferred, the duty to collect became imposed upon him, either by implication from the same, or by the general law, and for his default in not collecting, he is responsible, and the first exception was properly overruled.
 

 In support of his second exception, the defendant’s counsel insists that his intestate was not liable as administrator on his administration bond, but was liable, if at all, as deputy sheriff, for failing to collect the taxes on the lists entrusted to him. His Honor sustained this exception, and in doing so, we think he erred. Had another person administered on the sheriff Dozier’s estate, it would have been his duty to have collected the amount due from the deputy, and had he died after making such collection, or after committing a default in failing to do so, his administrator would have been liable on
 
 Ms
 
 inestate’s administration bond to the administrator
 
 de bonis non
 
 of the sheriff, as we-have just decided in passing on the first exception. The deputy,. G-regg, upon becoming administrator of his principal, became-bound in duty to his estate to make the collection or pay for the-default out of his own private funds. If he did so, then his-administrator is undoubtedly responsible for the amount received as part of the assets of his intestate. If he failed to do so, he committed a breach of duty for which his administrator is. equally responsible. But it is said, that the relator has not shown that he was solvent and able to pay the amount while he was. administrator. The answer is, that he ought to have suggested: such insolvency in order to throw the burthen of proof on the-relator, as a debt not marked desperate is taken to be good until the contrary appears. The order sustaining the second exception must, therefore, be reversed.
 

 The result is, that a judgment
 
 quando
 
 for the whole amount
 
 *316
 
 reported to be due by the clerk, with interest accrued since, must be given against the defendant, and he must pay the costs of both appeals in this Court.
 

 Pee. Cubiam. Judgment reversed.