JAMES A. JOHNSON *v.* JOHN T. JUDD, *et al.*

Writs of summons issued in January 1869, should have been returnable before the Clerk, and therefore if made returnable before the Judge at Spring Term 1869, on motion by the defendant to that effect, should have been dismissed. Since then the act of April 1 1869, "to amend certain irregularities" &c., allows such errors to be cured by amendment &c.

MOTION to dismiss a summons, heard before *Buxton*, J., at Spring Term 1869 of the Superior Court of HARNETT.

The facts are sufficiently set forth in the opinion.

*N. McKay*, for the appellants.
No counsel, *contra*,

RODMAN, J. This action was commenced by a summons, dated 5th January 1869, which required the defendants "to appear before the Judge of our Superior Court of Law at a Court to be held for the county of Harnett, at the Court House in Lillington, on the second Monday of Febuary &c." This was erroneous: Section 73 C. C. P., says, the summons shall require the defendant "to appear at the office of the Clerk of the Superior Court" within a certain number of days after the service &c." The difference is material, as was pointed out in *Smith* v. *McIlwaine* ante 95, because there is no day in which the pleadings can be made up before the Judge. The pleadings are to be filed in the Clerk's office, and jurisdiction is given to him to decide, in the first instance, on all questions of practice and procedure arising in the course of coming to an issue. Sec. 108. C. C. P.

At Spring Term 1869, the defendants appeared and moved to dismiss the summons," on the ground, as the case states, "that it was not a summons," by which we understand to be meant, that it was not in conformity to the Code; the Judge refused to dismiss, and the defendants appealed to this Court. It seems to us clear that, as the law stood at that time, the Judge should have dismissed the summons or have imposed upon the plaintiff the alternative of amending it. After the appeal however, the Legislature, by an act entitled "An Act to amend certain irregularities in the mode of commencing certain actions" &c., ratified 1st April 1869, enacted that "in all civil actions heretofore commenced, in which the process has been or shall be made returnable "before the Judge," no advantage shall be had or taken by reason thereof, but the same shall be held regular, and may be amended as to the process and pleadings at any time, without costs, but upon such other terms as to the Judge of the Court shall seam just" &c. The error committed by the Judge makes it necessary to reverse his decision, but in consequence of the statute, this Court cannot dismiss the case, nor can it allow the summons to be amended, and the pleadings to be made up here; it is necessary therefore to send the

case back to the Judge of the Superior Court, in order that he may proceed as required by the statute.

PER CURIAM.                              Order accordingly.