### D. C. THOMPSON *v.* B. A. BERRY.

The proper method of enforcing judgments *nisi*, is by action, or special proceeding commenced by summons; and this rule is not affected, in cases of Sheriffs, by § 263 of C. C. P.

(*McKethan* v. *Terry* (*ante*) 25, and *Johnson* v. *Judd*, 63 N. C. R. 498, cited and approved.

SCIRE FACIAS to enforce a judgment *nisi*, tried before *Buxton, J.*, at the Special Term of IREDELL Court, July 1869.

At February Term 1868 of the County Court of Iredell county, the plaintiff recovered judgment against Avery and Tate; a *fi. fa.* tested of that term was issued to the defendant, who was Sheriff of Burke, and by him was levied on certain lands and returned.   At May Term 1868, a *vend. exp.* issued to the defendant, upon which he returned, that it came to hand too late to be executed.   In June 1868, the County Courts were abolished by the adoption of the Constitution of that year, and this *vend. exp.* was filed in the Superior Court of Iredell, where, at Fall Term 1868, a judgment *nisi*

for $100 was entered against the defendant Berry. A *scire facias,* in the form heretofore usual in such cases, was issued, returnable to Spring Term 1869, and to this the defendant demurred, on the ground that the court did not have jurisdiction, in that form of proceeding.

In the court below the Judge dismissed the proceeding and the plaintiff appealed.

*Boyden & Bailey* for the appellant.
*W. P. Caldwell, contra.*

RODMAN, J.   It was not contended, and we think cannot be, that so much of section 17 of chap. 10, Rev. Code, as authorizes the amercement of Sheriffs for failing to make due return of process, has been repealed.   Section 263 C. C. P. expressly continues in force previous laws respecting the duties and liabilities of Sheriffs on executions, and the proceedings to enforce them, when not inconsistent with the Code, as also does section 854.   See *McKethan* v. *Terry,* at this term.

The Superior Court of Iredell therefore had jurisdiction to give the judgment *nisi* on motion: Whether sufficient ground existed for it, is a different question which we do not consider.   The only question is, whether the proceeding adopted for enforcing it, is a permissible one.   With every disposition to judge liberally of proceedings commenced when the law regulating the practice of the courts, could scarcely be known even to the most thoughtful and industrious attorneys, we think that the proceeding adopted cannot be sustained.   Section 362 C. C. P. abolishes writs of *scire facias,* and substitutes the proceedings given by the Code; and this case is not within any of the exceptions in that section.   Section 70 requires all civil actions to be commenced by summons, and the act of 1868–'69, ch. 93, p. 205, requires all special proceedings between adverse parties, to be commenced in like manner.   It was urged that this

mode of proceeding was saved in this particular case by section 263 C. C. P., which continues existing laws, not in conflict with *that chapter*, respecting the duties of sheriffs on executions, and "the proceedings to enforce them"; but the object of that was only to save some remedy in a possible case where none might be found given by the Code, and not to make an unnecessary exception to the rule of commencing all actions by summons. We think a proceeding to make a judgment *nisi* absolute, must be commenced by summons. But it was contended that this *sci. fa.* was in substance a summons, and we might perhaps so regard it; but that could not help the plaintiff, as it would still be irregular by reason of its being returnable before the court in term time, and not as prescribed by the Code: *Johnson* v. *Judd*, 63 N. C. 498. Nor is the irregularity cured by the act of 1868–'69, ch. 103, p. 226, which was ratified April 1st 1869, for that statute is retrospective only. We think the Judge below properly dismissed the *sci. fa.* as irregular.

PER CURIAM. Judgment affirmed.