L. A. TATE v. W. E. POWE and others.

The summons in Special Proceedings is returnable before the Clerk.

Any proceeding that under the old mode was commenced by *capias ad* *respondendum*, (including Ejectment,)—or by a bill in equity for relief, is a "*Civil Action*;" any proceeding, that under the old mode, might be commenced by petition, or motion upon notice, is a "*Special Proceeding.*"

Proceedings for Dower, Partition, and Year's Allowance, are *Special Proceedings*.

DOWER, before *Mitchell, J.*, at Spring Term 1870, of BURKE Court.

The summons had been made returnable to the Term of the Court. The defendants moved to dismiss for want of jurisdiction.

His Honor refused to make this order, and the defendants appealed.

*Furches*, for the appellants.
*Bragg* and *Boyden & Bailey*, contra.

PEARSON, C. J. The enactment, "writs of summons shall be returnable to the regular Terms of the Superior Courts," in the act suspending the Code of Civil Procedure in certain cases, applies only to civil actions. The act concerning special proceedings, Acts 1868–'69, ch. 93, enacts, that when there are adverse parties, "the proceeding shall be commenced as is prescribed in civil actions,"—that is by summons ; and the question is, should the summons be returnable before the Clerk, or before the Judge in term time. The latter is the literal construction, and it must be admitted that there is a want of clearness in the several provisions of this Statute, caused, it would seem, in a great degree

by the fact, that, by reference to the Code, where "Superior Court," or "Court" is used, it means the Clerk of the Superior Court, except when the Court in term time, is referred to.

This novelty, as it may be termed, in our legislation, tends to produce a confusion of ideas, and I dare say many voted for the bill, thinking "Superior Court" meant "Superior Court," although by this novelty, it means "Clerk." But however this may be, the other sections of the "act concerning special proceedings," show that, although, as in civil actions, the leading process is a summons, yet the summons must be returnable before the Clerk. So, it may be taken as agreed, that the summons in all civil actions is returnable before the Judge in term time, and the summons in special proceedings is returnable before the Clerk, in his office, *at any time.* The significance of the distinction between civil actions and special proceedings, grows out of the act of 16th of March, 1869, which requires the summons to be returnable before the Judge in term time, in "all civil actions." Thereupon, an effort is made to swell the list of "special proceedings," so as, indirectly, to continue the jurisdiction of the Clerk, in evasion of that Statute.

There is an obvious propriety for "*festina remedia,*" in reference to a widow's Year's provision, or Dower. Under the County Court system, a petition could be filed every three months, and the question was, shall matters of this kind be delayed six months, or be heard before the Clerk, at his office. The Statute under consideration, settles the question in regard to Year's provision and Dower; these two subjects and that of Partition, are expressly declared to be special proceedings. Ejectment is obviously a civil action; as much so as an action for a horse. This reference is necessary, because the Code Commissioners, in their second report, August 1868, set out Ejectment as a *special proceeding !*—prob-

ably for the reason, that the Commissioners did not advert to the fact, that *ejectio firmæ* is an original writ, set out in Fitzherbert's *Natura Brevium* ; and this writ, by the skill of Chief Justice Rolle, was converted into the action of ejectment. " Lease, entry and ouster ;" " John Doe and Richard Roe," are bug-bears only to superficial readers.

Judicial legislation in regard to practice and procedure, is a necessity. The many little " odds and ends" that the diversity in our way of living and talking presents, cannot be picked up and fastened by Statutes ; such things must be confided to the Courts.

We might have expected that this Statute, emanating from the Code Commissioners, would have marked the dividing line between civil actions and special proceedings. But it is not so, for the reason, as may be presumed, it was a perplexing subject, fit to be left to *judicial legislation.* The questions occur every day : the mode of procedure is one of instant pressing necessity, and this Court must assume the task of making the dividing line.

It was suggested, as the dividing line, that " All actions which by the old English system were commenced by original writ, and by the North Carolina system, by a *capias ad respondendum,* are civil actions under the Code of Civil Procedure, including ejectment, for reasons above stated : All suits in equity, and proceedings by petition under statutes of this State, are special proceedings." This division is liable to the objection of being simply arbitrary. The definition of the Code is : " An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong." This definition embraces suits in equity for relief, as well as actions at law. " To enforce a right or redress a wrong," is the purpose of a suit in equity as well as at law, and there is as much reason for including

the one as the other under the term "civil action." By reference to other sections of the Code, it is manifest that the proceeding substituted for bills in equity for relief, as well as the proceeding substituted for writs at law, is "a civil action." Among others, see Title XIII. "Appeal in Civil Actions," sec. 306 : "If the judgment appealed from directs the conveyance of land"—evidently having reference to a bill for a specific performance, or a bill to convert the defendant into a trustee: Section 307 : "If the judgment appealed from direct the sale or delivery of possession of real property"—evidently having reference to a bill in equity to to foreclose a mortgage, or an action of ejectment. In short, the Code assumes that bills in equity for relief, are included in the term "civil actions;" the Constitution having abolished the distinction between actions at law and suits in equity, and it being ordained : "The distinction between actions at law and suits in equity, and the forms of all such actions and suits, shall be abolished, and there shall be in this State but one form of action for the enforcement or protection of private rights, or the redress of private wrongs, which shall be denominated a civil action :" Art. IV, sec. 1.

Judge Battle being asked, as *amicus curiæ,* for his opinion, suggested that the dividing line might be, Whenever the proceeding. *may be ex parte,* it is a special proceeding, although under particular circumstances there may be adversary parties. After some observations from the Bench, he concluded with his accustomed frankness, that this was not the true line.

Upon consideration, we establish this as the dividing line : Any cause of action for which there is an original writ in England, (see Fitz. *Nat. Brev.*) or *capias ad respondendum* in this State, or which was relievable by ordinary bill in equity, as distinguished from bills to perpetuate testimony, for dis-

covery, &c., is a " civil action;" except in cases where the remedy by petition is provided by statute.

The Court is obliged to suppose that the framers of the new Constitution had in view the old Constitution and the laws then in force, and that the intention was to allow old modes to prevail unless a change be expressly ordained.

The writ of dower and writ of partition are set out in Fitz. *Nat. Brev.* as *original writs.* True, under our statutes these rights are enforced by petition; but in the words of the Constitution either " is a proceeding for the enforcement of a private right, which shall be denominated a civil action."

On this account I have had much consideration as to whether the statute concerning special proceedings does not violate the Constitution, in regard to Dower and Partition But in deference to the opinion of my Associate Justices, and the legislative construction put on this clause of the Constitution; and in order to have the matter fixed, I do not dissent, and the line is now marked: Any proceeding that, under the old mode, was commenced by *capias ad responden-dum,* including ejectment, or by a bill in equity for relief, is a " civil action;" any proceeding that, under the old mode, may be commenced by petition, or motion upon notice, is a " special proceeding."

This will be certified.

PER CURIAM.                                                    Reversed.

Note.—The same decision was rendered at this term, in the case, L. A. Tate *v.* W. E. Powe, Ex'r.. &c., for *Year's Allowance.*