## SAMUEL S. WOODLEY v. H. A. GILLIAM.

A suit to recover the possession of land is *a civil action*, and not *a special*
proceeding; *therefore*, the summons (by the act of 1868-'69, c. 76,) is
returnable to term time, and not before the Clerk.
(*Tate* v. *Powe*, *ante* 644, approved.)

CIVIL ACTION to recover possession of land, tried before·
Jones, J., at Spring Term 1870, of WASHINGTON Court.

The summons was returned before the Clerk, and the de-
fendant having demurred to the complaint for want of juris-
diction, the action was dismissed; upon an appeal to the
Judge, this ruling was reversed; and the defendant appealed
to this Court.

*Smith*, for the appellant.
*Collins & Armistead*, contra.

RODMAN, J. The question whether an action to recover
the possession of land, is a civil action, within the meaning of
the Code of Civil Procedure, and the Act of 1868-'69, ch.
76, p. 189, so as to require the summons to be returned in
term time,—or, is a special proceeding, as distinguished from
what is termed in the Code a civil action, so that the sum-
mons may be returnable before the Clerk at any time, is
decided in *Tate* v. *Powe*, *ante* 644. Personally, I do not
quite approve of the manner in which the line of distinction
is drawn in that case. I think those actions are special
proceedings, in which *existing* statutes direct a procedure
different from the ordinary. In practice, the two lines will
almost always co-incide, but this seems to me the most con-
venient.

On any principle of distinction such an action as this must
be deemed a civil action. The mention by the Code Com-

missioners, in their Report, of the action of ejectment as one of those in which some legislative provision of special proceeding would probably be found necessary, no doubt indicated the opinion of the Commissioners, and their intention to present some such provision to the General Assembly for its consideration. It may be that for the same reasons which caused the introduction of the modern action of ejectment in lieu of the old action of *ejectione firmæ*, the Legislature may yet find it expedient to provide some special proceeding for such a case. But hitherto they have not done so. There was error in the opinion of the Judge : the demurrer must be overruled. The defendant will recover costs in this Court. Let this opinion be certified.

PER CURIAM.                                    Reversed.