WILLIAM J. FOREMAN *v.* JAMES H. BIBB and another.

A proceeding by a motion supported by affidavits after a notice to the opposite party, to have satisfaction of a judgment entered of record upon the ground that it has been paid since its rendition, is the appropriate remedy in such a case, but is neither a special proceeding nor a civil action. It is only a motion in a cause still pending.

The case of *State* v. *Powe*, 64 N. C. Rep. 644, cited and approved.

This was a motion made by the defendants, after notice to the plaintiff, to have satisfaction of a judgment which the plaintiff had obtained against them in the Superior Court of PITT County entered of record, upon the ground that they had paid it since it was rendered. It came on to be heard before his Honor *Judge Jones*, at the Fall Term 1870, of the Court of that County upon affidavits taken and filed by both parties, when his Honor found the fact to be, that the judgment had been paid by one of the defendants, and ordered and adjudged that satisfaction thereof be entered of record, whereupon the plaintiff appealed.

*Battle & Sons*, for the plaintiff.
*Moore & Gatling* and *G. W. Johnston*, for the defendants.

SETTLE, J.    There was a motion by the defendants, supported by affidavits, before his Honor the Judge of the 2d Judicial District, after due notice to the plaintiff, to have satisfaction of the judgment theretofore obtained in the Superior Court against them, entered of record, upon the ground that it had been paid since its rendition.

The learned counsel for the plaintiff concedes that this was the mode of proceeding, in such cases, both in England and in this State, prior to the adoption of the Code of Civil Procedure, and that it is still the appropriate remedy. *Mann, Ex'r.* v. *Blount,* at this term.

But he insists that it is either a special proceeding, which the Act of 1868-'9, ch. 93 requires to be brought before the Clerk of the Court, or a civil action which must be brought before the Judge of the Superior Court, at a regular term of the Court.    And he argues, upon the authority of *Tate* v. *Powe,* 64 N. C., 644, that it must be a special proceeding, and was therefore improperly moved before the Judge.    The error consists in supposing it to be either a civil action or a special proceeding, as defined in *Tate* v. *Powe.    Supra.*

It is neither, but only a motion in a pending cause, arising incidentally in its progress.

The idea that a party must be subjected to the additional costs of a civil action or special proceeding, in order to have the benefit of a simple motion in a cause still pending, is inadmissable.    This was a judgment of the Superior Court, and as that Court is always open for the transaction of all business, except the return of process and the trial of issues requiring a jury, the motion was properly made before the Judge of the District.

In this case there was due notice, but even without notice the Judge may issue a restraining order, staying proceedings for twenty days.    C. C. P., sec. 345.    In the meantime notice can be served and all hardships which might arise for the want of speedy remedies can be averted.

9

The Judge finds the fact that the judgment in controversy has been paid, and thereupon he ordered that payment and satisfaction of the same be entered of record.

The judgment must be affirmed.

PER CURIAM.                                    Judgment affirmed.