SAMUEL G. H. JONES, Administrator, *v.* E. A. GUPTON.

Under the C. C. P., Sec. 75 and 555 a Sheriff is not required to *execute* process until his fees are paid or tendered by the person at whose instance the service is to be rendered ; but this does not excuse him for a failure to make a return of the process. A writ of summons is a mandate of the Court and must be obeyed by its officer, and if he has any valid excuse for not executing the writ, he must state it in his return.

The duties and liabilities of a Sheriff in relation to the execution of process are nearly the same under the C. C. P. as under the old system, (see C. C. P. Sec. 354) but the mode of proceedure for enforcing a judgment *nisi* against him is changed from a *scire facias* to a civil action, as prescribed in C. C. P. Sec. 362, and the summons must be in the same Court as the judgment, and must be returned to the regular term thereof.

The case of *Thompson* v. *Berry*, 64 N. C. Rep. 79, cited and commented upon, and that of *Tate* v. *Powe*, *Ibid* 644, cited and approved.

This was a civil action tried at the Fall Term, 1870, of the Superior Court of CALDWELL County, before his Honor *Judge Mitchell.* For the plaintiff it was testified by the Clerk of the Court that he placed in the mail at Lenoir, enclosed in a stamped envelope, the summons in question directed to the Sheriff of Franklin County, and that he had no other evidence of its having come to the hands of the defendant, who was the Sheriff of that County. For the defendant, the Clerk proved that he did not send the fees for executing the process to the Sheriff, and that he did not know that any fees were paid or tendered to him. The defendant's counsel asked the Court to charge the jury that the defendant, as Sheriff, was not bound to execute the summons in question unless the fees were paid or tendered him. His Honor told the jury that the failure to pay the fees to the defendant might excuse him for not serving the summons, but would not excuse the failure to return the process. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Malone,* for the defendant.

*Folk,* for the plaintiff.

DICK, J.   By the common law it was the duty of a Sheriff to do execution of all the kings' writs without any reward.

The fees and emoluments of a Sheriff, and the manner in which they are to be paid, are regulated by statute, but many of the rules which define his powers, duties and liabilities are derived from the common law.

Before the adoption of the C. C. P., a Sheriff as an officer of the law was bound to execute the process of the Courts according to the exigency thereof, and make due return, and he could not refuse to execute a writ until his fees were paid. 1 Salk, 333, Strange 814.

Under the C. C. P., Sec. 75, 555, he is not required to *execute* process until his fees are paid or tendered by the person at whose instance the service is to be rendered ; but this does not excuse him for a failure to make a return of process.   A writ of summons is a mandate of the Court and must be obeyed by its officer, and if he has any valid excuse for not executing the writ he must state such matter of excuse in his return.   Watson on Sheriffs. 73.

The duties and liabilities of a Sheriff in relation to the execution of process are nearly the same under the C. C. P. as under the old system ; C. C. P. 354 ; but the mode of procedure for enforcing a judgment *nisi* is changed from a *scire facias* to a civil action.   C. C. P. Sec. 362.

When this point was before this Court in the case of *Thompson* v. *Berry,* 64 N. C. 79, the line of distinction between civil actions and special proceedings was not clearly defined, as was done afterwards in the case of *Tate* v. *Powe* 64 N. C. 644.

A *scire facias* is a writ founded upon some matter of record.   In general it is a judicial writ issuing out of the Court where the record is made ; and as the defendant may

4

plead:thereto, it is considered in law as an action and in the nature of a new original; 2 Sand p. 6, note 1, p. 71, note 4, Tidd 1090. There are many forms of this writ found in the Register of original writs. 8 Bac. Ab. 598.

As the record of the judgment *nisi* was made in term time by the Judge — the process to make the judgment absolute ought to be returned before the same jurisdiction. In the present case, if a *sci. fa.* could be used, it would be in the nature of an original writ. Where it was used to revive a final judgment it was only a continuation of the original action and was returnable into the Court where such action was pending. In this case the action was properly brought to the Court in term as it comes within the line marked out in *Tate* v. *Powe supra.* The evidence shows that the process was delivered to the defendant in due time, but without his lawful fees, and there was no service or return of the writ.

The instructions of his Honor were correct in law, and the judgment must be affirmed.

PER CURIAM.                    Judgment affirmed.