S. S. F. CARLISLE *v.* THE ESTATE OF ANDREW J. SOULE.

*Sheriff. Negligence. Writ. Insolvency. Prepayment of Sheriff's Fees. Waiver. Pleadings. Service. Attachment. Bankrupt.*

The plaintiff delivered a writ in his favor against H. to S., the testator's deputy, to serve, the testator being sheriff. H. at that time had property, but was insolvent, and his insolvency was known to S. More than four months thereafter, H. was adjudged a bankrupt, and paid a dividend to his creditors of fifty per cent. The debt, on which such writ issued, was provable under the bankrupt act, but the plaintiff neglected to prove it. *Held,* that these facts are not a full answer to the default of S. in failing to attach the property of H. on the plaintiff's writ, and that it was the duty of S. to serve the process, by attaching the property of H.

If S. received the writ without objection in regard to the prepayment of his fees, he thereby waived such prepayment, and was bound to serve the writ the same as though his fees had been prepaid.

If S. refused to make the attachment on account of the non-prepayment of his fees, the testator's executor should have brought that fact upon the record by his pleas.

The presumption arising from S's. acceptance of the writ is, that his fees were either tendered or paid, or their prepayment waived.

The first count in the declaration gives H.'s. residence as Sheldon, and avers that plaintiff delivered his writ to S. at Sheldon, and "then and there" directed him to attach the property of H., it being of that kind which would be presumed to follow and have the *situs* of the owner. *Held* that there is no such lack of substance in the declaration that the defendant can insist that a bad plea is a sufficient answer to it.

APPEAL from the probate court by the defendant.

The plaintiff's claim is based upon the alleged neglect of one A. S. Sampson, a deputy of the said A. J. Soule, who was at the time of the alleged grievances sheriff of Franklin County.

34

The neglect complained of by the plaintiff in his declaration was, the omission of said Sampson to attach the property of one Hendrix, upon a writ placed in his hands for service, in favor of the plaintiff. To which the defendant answered by five special pleas in bar. Demurrer by plaintiff to three of said pleas. The court at the September term, 1871, ROYCE, J., presiding, *pro forma* overruled the demurrer, and rendered judgment for the defendant. Exceptions by plaintiff. The other facts in the case are sufficiently stated in the opinion of the court. ·

*Davis & Adams*, for the plaintiff.

*J. S. Tupper* and *Benton & Irish*, for the defendant.

The opinion of the court was delivered by

Ross, J. The plaintiff, by demurring to the defendant's pleas in bar, admits that Hendrix was a bankrupt, before and at the time he sued out and delivered his writ to the testator's deputy, A. S. Sampson, to serve; and that the insolvency of Hendrix was known to him. He also thus admits that, more than four months afterwards, Hendrix was adjudged a bankrupt, by the district court, and paid a dividend to his creditors of fifty cents on the dollar; that his debt, on which the writ issued, was provable under the provisions of the bankrupt law, and that he neglected to prove his debt, and receive a dividend. The only question arising on the pleadings is, whether these admitted facts are a full answer to the default of the testator's deputy, in failing to attach the property of Hendrix on the plaintiff's writ. We think they are not. Under the statute it was the duty of the testator's deputy to execute the process, by attaching the property of Hendrix. The plaintiff had the right to have this duty performed, and the defendant cannot excuse its non-performance by averring its discharge might not have availed the plaintiff to satisfy his debt, because the law of the United States, in regard to the property of bankrupts, might have intervened, and taken the property, when attached, from the custody of the state law. The court cannot assume that Hendrix, because it was his duty, would have volun-

teered to have gone into bankruptcy ; nor that his other creditors, if the attachment had been made, would have forced him into bankruptcy within four months, especially when the pleas admit that the property of Hendrix was attached and sold in satisfaction of other debts, and yet no proceedings in bankruptcy were commenced against him for more than nine months after the plaintiff's writ was delivered to the testator's deputy for service. The bankrupt law treats all attachments of over four months standing, at the time of the commencement of the proceedings in bankruptcy, as valid. The plaintiff had the right to have the command of his process obeyed, and the attachment made by the testator's deputy, whether it availed him or not. As well might a sheriff excuse himself from attaching property by alleging that he did not believe the plaintiff had a valid debt against the defendant. The plaintiff, in such a case, would have the right to have the command of the writ obeyed. How far the facts admitted by the demurrer may be shown in mitigation of damages we have not considered, and express no opinion in regard thereto.

The defendant insists that the plaintiff's declaration is defective, in that it does not allege that the plaintiff tendered or paid the testator's deputy his fees for serving the writ, and in that the first count does not allege that the property of Hendrix was within the precinct of the deputy, and claims that a bad plea is a sufficient answer to a bad declaration. The declaration alleges that the plaintiff delivered the writ to Sampson, and that Sampson received it. If he received it without objection in regard to the prepayment of his fees, he thereby waived such prepayment, and was bound to serve the writ the same as though his fees had been prepaid. If the deputy refused to make the attachment, on account of the non-prepayment of his fees, the testator's executor should have brought that fact upon the record by his pleas. The presumption arising from his acceptance of the writ is, that the deputy's fees were either tendered or paid, or their prepayment waived. The second count in the declaration alleges that the property of Hendrix, which was open to attachment, was at Sheldon, within the precinct of the deputy. The first count gives Hendrix's residence as Sheldon, and avers that the plaintiff de-

livered his writ to Sampson at Sheldon, and "then and there"
directed and instructed him to attach the property of Hendrix.
The property was of that kind which would be presumed to fol-
low and have the *situs* of the owner, Hendrix. We think there
is no such lack of substance in the declaration that the defendant
can insist that a bad plea is a sufficient answer to it. The *pro
forma* judgment of the county court is reversed and the defen-
dant's pleas adjudged insufficient and cause remanded, with leave
to the defendant to replead on the usual terms.