JOHN JOHNSON and MARGARET SINCLAIR *v.* DUNCAN M. KENNEDAY.

Until his fees are paid or tendered, a Sheriff is not bound to execute process.

(*Jones* v. *Gupton,* 65 N. C. Rep. 48, cited and approved.)

MOTION for a rule to amerce the Sheriff of RICHMOND county, heard before *Buxton, J.,* at Fall Term, 1873, of the Superior Court.

On the 25th August, 1873, a summons was placed in the hands of the sheriff, who returned it on the 25th of the ensuing October, endorsed "Not executed for the want of fees." Plaintiffs contending this to be an insufficient return, moved for a rule against the sheriff, which motion the Court refused, upon the ground that the sheriff was entitled to his fees in advance. From this judgment plaintiffs appealed.

No counsel in this Court for the appellants.
*Neill McKay,* contra.

SETTLE, J. This was a motion for a rule to amerce a sheriff for an insufficient return upon a summons.

The sheriff returns, as his excuse for not executing the summons, that his fees had not been paid.

In *Jones* v. *Gupton,* 65 N. C., 48, it is held that a sheriff, since the adoption of the C. C. P., secs. 75 and 555, is not required to execute process until his fees are paid or tendered by the person at whose instance the service is to be rendered.

But as the act of 1870–'71, ch. 139, repeals the whole of title XXI of the C. C. P., in which the 555th section is included, we presume that the plaintiff supposed that all provisions of law requiring the pre-payment of fees were repealed.

In this he was mistaken, for while the act of 1870–'71 repeals that portion of section 75 of the C. C. P., which gives mileage to a sheriff for the distance traveled in executing a summons, it leaves all other provisions of that section in full force; and one of the provisions is that the sheriff shall be entitled to his fees before executing a summons.

We find that this provision is brought forward and re-enacted in Battle's Revisal, chap. 17, sec. 75.

Let it be certified that there is no error.

PER CURIAM.                                    Judgment affirmed.