J. C. HALYBURTON *v.* THOMAS S. GREENLEE and SAMUEL
H. FLEMMING.

The sale of Land under execution in no wise effects the lien of a prior judgment, nor does it necessitate any change in the proceedings required to make such liens effectual

If, therefore, a sale of land is made under a junior docketed judgment, the purchaser buys, in effect, only an equity of redemption; that is, the title to the land upon paying off prior liens   If he neglects to pay off the prior liens, the prior judgment creditor may enforce his lien by a sale.

CIVIL ACTION, to recover possession of land and damages, tried at the Fall Term, 1873, of McDOWELL Superior Court, before *Henry J.*, upon the following

CASE AGREED.

"The plaintiff is the purchaser at a sheriff's sale, under a judgment obtained in the Superior Court of Burke county, at Fall Term, 1869, commencing on the 10th Monday after the 3rd Monday in August, 1869, being the 25th day of October,

1869, by Jacob Harshaw's executors against Robert Burgin, Alney Burgin and the defendant, Thomas S. Greenlee, all de fendants of McDowell county, in the Superior Court of which, said judgment was duly docketed on the 15th day of November, 1869. An execution issued from the Superior Court of Burke on said judgment, to the sheriff of McDowell county, which came to hand on the 3rd day of December, 1869, re turnable to the Spring Term, 1870, which was levied upon the land in controversy, by the sheriff of McDowell, on the 12th of May, 1870, and returned according to law. A writ of *ven. exp.*, with a special *fi-fa* clause, issued to the sheriff of Mc-Dowell, on the 9th day of August, 1870, returnable to the Fall Term, 1870, of said Court, commanding him to sell the lands heretofore levied upon by him, to satisfy said judgment, and return with said money to Fall Term, 1870, under the said *ven. exp.* The sheriff sold the land at public sale as com manded, when the plaintiff became the purchaser, and the sheriff made him a deed therefor, which has been duly proved and registered in McDowell county. And this action is brought by the purchaser to obtain possession of the land, &c.

The defendants claim possession of the land in controversy, and defend this action, under a judgment obtained by the defendant, Samuel Flemming; or rather W. W. Flemming, for mer guardian of Samuel against the defendant, Thomas S. Greenlee and James M. Greenlee, at Spring Term, 1869, of McDowell Superior Court, upon which an execution issued on the 3rd day of December, 1869, returnable to Spring Term, 1870, of said Court, which came to the hands of the sheriff on the 12th April, 1870, with this endorsement: " Levy made, execution held up, lack of time." Said judgment was carried forward by the Clerk on the judgment or execution docket, without issuing any further execution to the sheriff from term to term, until the 28th day of December, 1871, when an execu tion or *fi fa* was issued, commanding the sheriff to make the money so recovered, &c., and return the same to Spring Term, 1872. On the 2d day of January, 1872, the sheriff under this

last *fi-fa.*, levied upon the land in controversy, and on the 27th day of March, following, after due advertisement, sold the same, when the defendants became the purchasers, the sheriff conveying the same to them on the 27th March, 1872.

On the 9th January, 1873, the defendant, Greenlee, leased from Samuel Flemming the said lands in writing, and keeps possession under that lease. This Court permitted Samuel Flemming to defend as landlord."

Upon this agreed state of facts, his Honor being of opinion with the defendants, gave judgment of non suit against the plaintiff. From this judgment the plaintiff appealed.

*Gaither and Bynum*, for the appellant.
*Folk & Armfield and W. W. Flemming*, contra.

RODMAN, J.   At Fall Term, 1869, of Burke Superior Court Harshaw recovered a judgment against Thomas S. Greenlee and others, under which the land now sued for was sold as the property of Greenlee, a defendant in this action, and purchased by the plaintiff.

At Spring Term, 1869, of the Superior Court of McDowell, Flemming recovered a judgment against the said Greenlee, and under it, the same land was sold and purchased by Flemming, who permitted Greenlee to remain in possession as his tenant, and who, on the institution of this action, was allowed to defend as landlord.   The sale at which Flemming purchased was after the sale at which plaintiff had purchased.

Greenlee of course could make no defence to the action of the plaintiff; but Flemming is entitled to set up any title he may have.

The question presented is, did the plaintiff acquire by his purchase in 1870, (as it may be assumed to have been although it is not expressly so stated) an absolute title to the land, independent of the lien of any judgment previously docketed, or was his title subject to such prior lien, so that it might be divested by a sale under it ?

Before the enactment of the Code of Civil Procedure in 1868, there could have been no difficulty in answering this question. The sale by the sheriff under a junior execution passed to the purchaser all the title of the defendant in the execution, subject to equities existing against his estate, but clear of any liens existing by reason of any prior judgment, or execution of prior *teste*, or prior levy. The creditors were left to contest their respective priorities on the distribution of the fund. *Woodly v. Gilliam*, 64 N. C. 649. Probably this holding was necessary by reason of the fact, that an execution might issue from a Court of any county to any other county, and inasmuch as it made a lien from its *teste*, it was impossible for any purchaser at an execution sale to know whether he was buying an estate encumbered with the lien of a prior execution or not. He could not search the record of every Court in the State.

The Code of Civil Procedure enacted in 1868, made a material change. By this a judgment became a lien on the land of the defendant when it was docketed in the county in which the land was situated. Every bidder at a sale, might henceforth by reasonable care, know of every incumbrance by judgment upon the land, and must be held to buy subject to such incumbrance, of which he has, or must be held to have, notice. If therefore a sale of land is made under a junior docketed judgment, the purchaser buys in effect only an equity of redemption ; that is, the title to the land upon paying off prior liens. If he neglects to pay off the prior liens, the prior judgment creditor may enforce his lien by a sale, just as a prior mortgage might do; and to give this sale any effect at all, it must pass the title in the land to the purchaser, subject of course to any prior liens, but paramount to the title of a former purchaser under a junior judgment.

We find this to be the law in other States which have laws similar to ours contained in C. C. P. As the question in its present aspect is somewhat new to us, I will quote a paragraph from Freeman on judgments, giving the construction of similar

laws in some other States. Sec. 337, p. 326. " The sale of lands under execution, in no wise affects the lien of a prior judgment, nor does it necessitate any change in the proceeding required to make such lien effectual. *Lathrop* v. *Brown*, 23, Iowa 40. The holder of the elder lien, may at any time during the life of his lien, sell the land previously sold under a junior judgment. Upon the expiration of the statutory period of redemption, he may take out his deed, and thereby obtain title paramount to, and free from from all sales and claims based upon junior liens. *Rankin* v. *Scott*, 12 Wheat 177 ; *Littlefield* v. *Nichols*, decided in S. C. of Cal. Nov. 14, 1871."

" The sale of lands under a junior judgment passes title subject to all prior liens. The money produced by such sale, therefore, cannot be applied to the satisfaction of such liens ; but must to the extent of his debt, be given to the creditor under whose judgment it was realized. *Bruce* v. *Vogle*, 38 Mo. 100."

There is no error in the judgment below.

PER CURIAM. Judgment of nonsuit against plaintiff according to case agreed.