## ATKINSON vs. HULSE et al.

PROCEEDING TO RECOVER SUMMARY JUDGMENT: *What the judgment must show.*

In a proceeding by notice and motion to recover summary judgment against a sheriff and his sureties for failure to serve process, the notice must show that the fees and mileage to which the officer was entitled, was paid or tendered.

APPEAL from *Nevada* Circuit Court.

Hon. JAMES K. YOUNG, Circuit Judge.

*Smoote & Kelso* for plaintiff.

By accepting summons, the sheriff waived his right to a fee in advance. Officers should be held to a strict accountability. *Hill* v. *Sewell*, 27 Ark., 19.

WALKER, J. :

This was a summary proceeding had by Atkinson against Hulse, as sheriff, and the securities upon his official bond, for failing to execute two writs of summons directed to him to be executed, but which, as alleged, he failed and neglected to execute and return.

Without setting out the notice, which it may be conceded was sufficient, in all other respects, to charge the sheriff for a neglect of official duty, if it had been set forth that his fees had been tendered him, the question is whether, in the absence of such averment, the notice was sufficient to charge him with a neglect of official duty. The demurrer to the notice, which was sustained by the court below, brings this question before us. By section 2852, Gantt's Digest, it is provided, "That no sheriff, coroner, constable, or other officer, shall be compelled to execute any writ or process, except in criminal cases where the State is plaintiff, unless the person in whose favor such writ or process is issued, his agent or attorney, shall first tender to such officer a sufficient sum of money to pay the costs of such service and mileage from the court house to the usual place of abode of the defendant, or other person named in the writ or process. Nor shall such officer be liable in any manner whatever for failing or refusing to execute any writ or process until the fees thereof be first tendered."

The notice was fatally defective in not setting forth that payment of such fees and mileage had been made or tendered.

The demurrer was properly sustained.

Let the judgment be affirmed.