CITY OF WILMINGTON v. M. CRONLY et al.

DEFENDANT'S APPEAL.    .

(Decided April 26, 1898.)

*Action to Recover Delinquent Taxes—Delinquent Taxes —Constitutional Law—Limitations—Sales for Taxes Inoperative.*

1. It is competent for the General Assembly to provide for the collection of arrearages of taxes due for past years when ascertained in the mode prescribed by law.

2. Neither the three nor the ten years statute of limitations applies to an act authorizing the State or a county or city to recover delinquent taxes unless such act expressly so provides.

3. Attempted sales of property for taxes, when no money passed and the property afterwards remained in the use and occupancy of the taxpayer, are inoperative and void.

CIVIL ACTION brought by plaintiff on 28th August, 1896, under an Act of the General Assembly of North Carolina, Chapter 182, Acts of 1895, for delinquent taxes for the years 1875, 1876, 1877, 1881, 1885, 1886, 1891 and 1892, and to subject the land of the defendants for sale to satisfy said taxes, tried before *McIver, J.,* and a jury at January Term, 1897, of NEW HANOVER Superior Court.

It was admitted that the taxes were properly assessed, and that each tax became due, payable and enforceable on the 31st day of December of each current year.

It is admitted that the property, against which the taxes were levied, was sold by the city for all the years for which the taxes are demanded in the complaint, and bid in by plaintiff for amount of costs and tax for each year, and that Margaret Cronly has listed the property for each year since 1876, and paid the taxes assessed thereupon for the years since 1892, and has been in actual possession of the property. It was further admitted, by both sides, that the sales by the city were void.

The defendant, in answer, plead the ten years' statute of limitations, and also plead the three years' statute of limitations.

The defendant offered in evidence the Act of 1858-9, Chapter 198, ratified the 16th of February, 1859, entitled "An Act concerning the town of Wilmington," which defendant contended was in force, and that no sale of land could be made for taxes after three years.

His Honor charged the jury that all of said taxes which were due and owing ten years or over were barred by the statute of limitations, but that all such taxes

which were due and owing more than three years were not barred by the statute of limitations.

The jury returned a verdict for plaintiff for $16, with interest at 6 per cent. from 31st December, 1886; for $112 with interest at 6 per cent. from 31st December, 1891; and $112 with interest at 6 per cent. from 31st December, 1892.

Defendants moved for a new trial on account of the error in the Judge's charging that the taxes which were due and owing three years and over were not barred. His Honor refused the motion and gave judgment for the plaintiff, and defendants appealed.

*Messrs. George Rountree, Herbert McClammy* and *Ricaud & Bryan* for plaintiff.

*Messrs. T. W. Strange* and *J. D. Bellamy* for defendants (appellants.)

CLARK, J.:   This is a civil action brought by plaintiff under authority conferred by Chapter 182, Acts 1895, to recover arrearages of taxes due by defendant on real estate for the years 1875, 1876, 1877, 1878, 1881, 1882, 1885, 1886, 1891 and 1892, the taxes having been paid thereon in the period from 1875 to 1895 only in the years not above enumerated, and to enforce the lien conferred by said statute, for the collection of such delinquent taxes.   The right of taxation is the highest and most essential power of government (*Railroad* v. *Alsbrook,* 110 N. C., 137,) and is necessary to its existence.   All who are liable to the payment of taxes should pay their legal share.   Those who fail to do so simply devolve its payment upon others, for, taxes being essential to the existence of government, if any do not pay, others have

122—25

to pay for them.   It justly follows that if taxes are not paid within the statutory time, the Legislature can authorize the collection of such arrearages notwithstanding.

The defendant's appeal presents only two questions :

1. Did the General Assembly have power to pass the Act of 1895 empowering the State, county and city to collect arrearages of taxes.   It is well settled that it has.   In *Railroad* v. *Commissioners of Alamance*, 82 N. C., 259, Smith, C. J., says : "If a definite unpaid tax, collectable within less than two years after it is levied may be enforced by legislative permission years afterwards for the benefit of the collector and his sureties, it would seem that there could be no legal impediment to the State's compelling the payment of its own just demands against the delinquent tax payer when they are ascertained in the mode prescribed by law." And, further, "The retrospective features of the Act are not fatal to its validity. . . . . . No vested rights are involved.   No wrong is done by the means employed to correct a common error and prevent an unjust and unintended exemption."   This is cited with approval and followed in *Jones* v. *Arrington*, 91 N. C., 125 (which also cites with approval *Morton* v. *Ashbee*, 46 N. C., 312, which is to same effect, and overrules *Taylor* v. *Allen*, 67 N. C., 346), and says the matter has been "settled by adjudication and practice for too long a period for the Court now to review it and disturb the rulings."   This case has since been cited and approved in *Jones* v. *Arrington*, 94 N. C., 541;   *Wooten* v. *Sugg*, 114 N. C., 295, 298; *Davie* v. *Blackburn*, 117 N. C., 383, 385.   To the same purport, *2 Dillon Mun. Corp.*, Sec. 751 (4th Ed.); *Cooley Taxation*, 356 (2nd Ed.); *Fairfield* v. *People*, 94, Ill., 253; *Cowgill* v. *Long*, 15, Ill., 202; *Tallman* v.

*Jonesville,* 17 Wis., 71; *Cross* v. *Milwaukee,* 19 Wis., 509, and many similar decisions in other States. The ruling in *Johnson* v. *Royster,* 88 N. C., 194, is based upon the language and scope of the statute in that case, and is not a denial of the power of the Legislature. Indeed, that case quotes with approval *Railroad* v. *Commissioners, supra.*

To prevent evasions in the discharge of the duty of paying taxes, the General Assembly adopted *The Code,* Sec. 3679, as the standing policy of the State, which contains a provision that, if any real estate has been or shall hereafter be omitted from the tax list, the county commissioners shall enter it on the tax list and "add to the taxes of the current year the simple taxes of *each and every preceding year* in which such land or town lot shall have escaped taxation, with 25 per centum in addition thereto as far back as the said lands have escaped taxation." This act has been re-enacted in each revenue act since, till 1897, when a limitation of five years was added in cases where the property had not been assessed. As authority for the provision of *The Code,* the Code Commissioners append as reference the case of *Railr ad* v. *Commissioners of Alamance, supra.*

2. The other exception is that the Court did not hold that arrearages of taxes were protected by the three years statute of limitations, *Code,* Sec. 155(2). But, as was held in *Davie* v. *Blackburn, supra,* Montgomery, J., a tax, though in one sense a debt, is something more, and is not liable to the incidents of debts between individuals. It needs no citation of authority to show that statutes of limitation never apply to the sovereign unless expressly named therein—*nullum tempus occurrit regi*—and the Act in question (Acts 1895, Chapter 182), authorizing the State, county and city to recover these

delinquent taxes contains no limitation, and neither the ten years nor the three years statute applies. *Jones* v. *Arrington*, 94 N. C., 541, 544.

As to some attempted sales of this property for taxes heretofore, the record states "it is admitted by both parties that such sales are void." No money was received from such sales, and the property has remained all the time in the use and occupancy of the defendant. Such sales being void are, of course, of no effect. *Crews* v. *Bank*, 77 N. C., 110, citing *Halyburton* v. *Greenlee*, 72 N. C., 316 and distinguishing *Wall* v. *Fairley*, 77 N. C., 105. Judgment having been rendered as to all the taxes covered by the defendant's appeal before the repealing Act of 1897, the defendant concedes that it has no effect as to this appeal.

No error.