MARK E. MUSOLF, Secretary Department of Revenue
You advise that the Milwaukee County Sheriff's Department requires representatives of the Department of Revenue to advance fees for service of process connected with the collection, pursuant to sec. 71.13, Stats., of delinquent income and franchise taxes. On May 8, 1979, the Milwaukee County Board of Supervisors passed a resolution, partially supported by sec.59.28, Stats., authorizing the Milwaukee County sheriff to "require advance payment of fees for service of process in all instances where he deems it desirable to do so." When the provision of sec. 71.13(3)(g), Stats., was called to the attention of the county corporation counsel for such county, a representative of such officer took the position that sec.59.28, Stats., was a specific statute which controlled over sec.71.13(3)(g), Stats., which he deemed a general statute.
You inquire whether the sheriff of Milwaukee County has a duty, pursuant to sec. 71.13(3)(g), Stats., to perform duties of service and filing in connection with collection of income and franchise taxes pursuant to the provisions of sec. 71.13, Stats., without advancement of half or all of the fees for such services.
I am of the opinion that the sheriff of Milwaukee County does have such a duty. In my opinion, sec. 71.13(3)(g), Stats., is the specific statute and prevails over the general provisions of sec. 59.28(intro.), (1), (2)(b), Stats. Further, statutes of general application do not apply to the state unless the state is explicitly included by appropriate language. State ex rel. Martinv. Reis, 230 Wis. 630, 687, 284 N.W. 580 (1939). Section 59.28
(intro.), (1), (2), Stats., makes no specific reference to the state. *Page 38 
At the time of the American Wrecking Co. case, cited below, sec. 59.28 (intro.), Stats. (1921), provided: "Every sheriff shall be entitled to receive the following fees for his services, except for services in actions or proceedings before justices of the peace, for which fees are specially provided by law."
In spite of the fact that no statute authorized the sheriff to demand prepayment, it was stated in American Wrecking Co. v.McManus, 174 Wis. 300, 306, 181 N.W. 235, 183 N.W. 250 (1921), that:
 The fact that the sheriff is compensated by the county upon a salary basis rather than under a fee system does not affect our conclusions. His official responsibility and powers are the same. It should also be said that he has it within his power to protect himself against personal responsibility under such circumstances, as it is his privilege to demand his legal fees and charges in advance. Carlisle v. Estate of Soule, 44 Vt. 265; Jones v. Gupton, 65 N.C. 48; Adams v. Dinkgrave, 26 La. Ann. 626; Atkinson v. Hulse, 30 Ark. 760; Alexander v. State, 42 Ark. 41. Where, however, he undertakes the service of the writ without demanding his fees in advance he waives their prepayment. Carlisle v. Estate of Soule, supra.
In 24 Op. Att'y Gen. 508 (1935), it was argued that the conclusion of the supreme court in American Wrecking Co. was in error as the holdings in the Arkansas, Louisiana, and North Carolina cases cited were based on statutes of those states requiring or authorizing advance payment and that, by reason of a lack of such statute, the common law prevailed in Wisconsin. The opinion concluded that a sheriff could not insist upon payment of statutory fees before undertaking service of process.
Chapter 310, Laws of 1959, amended sec. 59.28 (intro.), Stats., to provide: "Every sheriff shall be entitled to receive the following fees in advance for his services providing the county board approves advance payment."
In reference to such language, it was stated in 53 Op. Att'y Gen. 218, 220, 221 (1964):
 This language is significant and makes it clear that in the case of the sheriff credit is the rule rather than the exception in the absence of specific action by the county board. *Page 39 
 There are particularly strong reasons for extension of credit by the sheriff since he cannot know in advance whether or not he is going to be successful in effecting service of papers. There is a difference in fees where service is attempted but not effected and he cannot be sure of his mileage until he knows what it is going to be.
 There appears accordingly to be no basis for concluding that either the clerk of court or sheriff must collect his fees when papers are offered for filing, recording, or service.
Chapter 403, Laws of 1975, amended sec. 59.28(intro.), and subsec. (2)(b), Stats., to its present wording:
 Except as provided in subs. (2) (b) and (27), every sheriff is entitled to receive one-half of the following fees in advance for his services providing the county board approves advance payment. The remaining one-half shall be deposited into the county general fund and shall not be paid to the sheriff in lieu of salary.
 (2)(b) In counties having a population of 500,000 or more, the charge for travel for the service or attempted service of process or pleading shall not exceed $1 for each party to be served in each action. If there is more than one person to be served at a given address, only one charge for travel shall be imposed. For summoning grand and petit jurors, no travel expense shall be charged for more than the distance actually and necessarily traveled in summoning such jurors. Sixty cents of the $1 travel charge shall be paid in advance to the sheriff providing the county board approves advance payment, and 40 cents shall be deposited into the county general fund and shall not be paid to the sheriff in lieu of salary.
The fees provided for in sec. 59.28, Stats., are, for the most part, applicable to all sheriffs in the state and are generally applicable whether the services performed are for private parties or state or federal officials. Authority to demand advance payment from any person seeking such services is contingent upon county board approval; and even where such approval is granted, such procedure is optional with a sheriff. Whereas there is some variance as to fees as between sheriffs in counties under 500,000 population and those in counties having more than 500,000 population, the statutes are general rather *Page 40 
than specific. No reference is made as to sheriffs fees which may arise for services in connection with the collection of delinquent income and franchise taxes, and no reference is made to sec. 71.13, Stats.
Section 71.13, Stats., is concerned with procedures to be followed in the collection of delinquent income and franchise taxes. Section 71.13(3)(a), Stats., specifically refers to the issuance of warrants by the Department to the sheriff commanding him to levy upon and sell portions of the taxpayer's real and personal property to pay such tax. Paragraph (b) of subsec. (3) provides that the sheriff shall file a copy of the warrant with the clerk of circuit court, and such subparagraph is in part concerned with the manner in which the clerk of circuit court and sheriff shall be paid fees for certain services. Some of the fees are incapable of accurate estimate in advance. Paragraph (g) of subsec. (3) was created by ch. 318, Laws of 1947, and presently provides:
 All fees and compensation of officials or other persons performing any act or functions required in carrying out this section, except such as are by this section to be paid to such officials or persons by the taxpayer, shall, upon presentation to the department of revenue of an itemized and verified statement of the amount due, be paid by the state treasurer upon audit by the department of administration on the certificate of the secretary of revenue and charged to the proper appropriation for the department of revenue. No public official shall be entitled to demand prepayment of any fee for the performance of any official act required in carrying out this section.
Aside from changes in the department to whom the bills are to be submitted, the section has remained the same for over thirty years. See ch. 276, sec. 590, Laws of 1969.
The collection of taxes is a governmental function of the state which should not be impeded by a statute such as sec. 59.28
(intro.), (1), (2)(b), which is not specifically applicable to it.
I am of the opinion that the language, "[n] o public official," includes the sheriff in every county. That would include the sheriff in a county having a population in excess of 500,000 population, and specifically, Milwaukee County. I conclude that sec. 59.28 or sec. 71.13, Stats., would have to be amended to entitle the sheriff of Milwaukee *Page 41 
County to fees in advance for services rendered to the state or its agents in the collection of delinquent income and franchise taxes pursuant to sec. 71.13, Stats.
BCL:RJV