N. R. JONES v. SAMUEL P. ARRINGTON.

*Taxes—Statutory Power—Statute of Limitation.*

1. Where an Act allowed a sheriff to collect unpaid taxes due for preceding years, but provided that the power conferred should be exercised by a day certain, fixed in the Act, and the sheriff instituted proceedings in accordance with the terms of the Act prior to that day, but by reason of the defences put in by the tax payer, the amount of the taxes due was not ascertained before the time expired, the sheriff is entitled to exercise the statutory power, although the time limited by the Act has expired.

2. In an action by a sheriff, under authority conferred by a statute, against a landlord for certain unpaid taxes, which it was the duty of a tenant, since dead, to pay, it is competent to show by the administrator of such tenant, that he had looked over the papers of his intestate and had found no receipt for the taxes.

3. Where the tax payer does not pay his taxes, and the sheriff is forced to advance the amount due, in order to settle his tax list, this is not a payment of the tax, as it is not an officious Act of the sheriff, and the statute of limitations does not run against the debt, when the sheriff is authorized by an Act of the Legislature to collect unpaid taxes.

(*Jones* v. *Arrington*, 91 N. C., 125 ; *Railroad Co.* v. *Commissioners*, 82 N. C., 259, cited and approved).

CIVIL ACTION, tried before *Philips, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of WARREN county.

There was a verdict and judgment for the plaintiff and the defendant appealed.

*Mr. R. H. Battle,* for the plaintiff.
*Mr. Jos. B. Batchelor,* for the defendant.

SMITH, C. J. When this cause was before the Court on a former appeal, 91 N. C., 125, it was decided that the act of February 6, 1883, under the authority of which the plaintiff was proceeding in the collection of the taxes assessed during the several years mentioned, was not in violation of the Constitution. The action was begun on November 30, 1883, and is again before us upon other assigned errors.

The concluding clause of section one declares, that " the power and authority hereby granted, shall cease on the first day of January, *Anno Domini,* one thousand eight hundred and eighty four."

The defendant, before entering upon the trial of the issues, moved to dismiss the proceeding, upon the ground that the time within which it could be maintained had expired. The motion was over-ruled, and to this the plaintiff's first exception is taken.

We concur in the interpretation put upon the act, as requiring action during the limited period by personal demand upon the tax-payer, and if refused, by resort to the process pointed out. It does not mean that the action begun, must be terminated during the year allowed. Such a construction might defeat the purpose of the act altogether, by delays which could be interposed in the progress of the proceeding, through continuous appeals, and in other ways. The case before us is an illustration. The suit, commenced in November, 1883, was carried by the defendant's appeal to the Superior Court of Warren, where a decision was rendered adverse to the plaintiff, and reversed on his

appeal to this Court. It was again tried at Fall Term, 1885, and is again before us on the defendant's appeal.

If the contention of the defendant be entertained, the action came to an end before it ever reached the Superior Court, by reason of the defendant's own act of removal to a higher jurisdiction. Such is not in our opinion, a fair and reasonable construction of the statute, and the plaintiff has not lost the remedy which it provides for his reimbursement of moneys which he has been compelled to pay for a delinquent tax-payer.

The cause was then submitted the jury upon two issues, which, with the response to each, are as follows:

I. Have the taxes claimed by the plaintiff been paid, or any part of them?

Answer—No.

II. Is the plaintiff's claim, or any part thereof, barred by the statute of limitations?

Answer—No.

The parties to the suit were examined, each for himself, and gave conflicting evidence upon the first issue, the plaintiff testifying that one H. J. Jones, a tenant of the defendant, occupying the assessed land, and since deceased, who had agreed with defendant to pay the taxes, had in fact paid only $103.81, while the residue now demanded had not been paid. The defendant, on the contrary, testifying that the plaintiff himself told witness about the time of the death of his tenant, that the latter had paid the taxes due on the land, as he was under covenant obligations bound to do.

II. EXCEPTION. The plaintiff then proposed to prove by one P. H. Allen, who had administered on the estate of the intestate lessee, that in examining his effects, no tax receipts for taxes from 1873, to 1881, were found. The inquiry, on objection, was allowed, and to this ruling defendant's second exception is made.

The negative evidence sought to be elicited, was in support of the plaintiff's testimony that the said taxes had not in fact been paid, and as a circumstance in that direction.

The witness answered, that he found a receipt for one bale of cotton, to be applied to taxes; that this was the only tax receipt he could recollect having found; that he threw aside many papers regarded as of no value, and did not know that they were; that he thought that some of them were old receipts, but does not remember seeing any tax receipt among them; that he thinks he sent the receipt found, to one White, to be delivered to the defendant.

The defendant being recalled, stated that he had never seen such paper, but that after the plaintiff demanded the arrears of taxes, he had asked Allen to examine his intestate's papers for such receipts.

The testimony is not very significant, but it was nevertheless competent, as it might be reasonably presumed, that evidence of other payments, had such been made, would have been preserved with that in reference to the bale of cotton, as well to protect the estate from a further demand for the tax, as for a voucher in settlement with the defendant. It was not error to admit the testimony.

The Court charged the jury, that the first issue, as to the payment of the taxes, was a question of fact for them; that they must find from all the evidence whether the taxes had been paid or not. That there being no difference between the parties as to the second issue, to-wit: the bar of the statute of limitations, this became in this proceeding, a question of law for the Court, and if the jury should find that the taxes had not been paid, then the Court charged them that they were not barred by the statute of limitations, and they would so find.

The defendant's third exception, is to the ruling against the defence arising under the statute of limitations.

In view of the rulings in *The Railroad Co.* v. *Commissioners of Alamance*, 82 N. C., 259, the appellant's counsel does not insist upon the bar as an obstruction to the State's enforcement of unpaid taxes due to it, but argues that the plaintiff's claim is in the nature of an action for the recovery of money paid by

CAROLINA IRON CO. *v.* ABERNATHY.

him to the defendant's use, and cannot be prosecuted after three years from such payment. This is a misconception of the legal aspect of the case. The State still demands the unpaid tax, and its collection is made through the same, and such other instrumentalities as would be employed, if the money, when received, went into the public treasury. The tax has never *been paid*, and the liability of the land therefor discharged, but the plaintiff has been obliged to *advance* the money. It is not an officious and voluntary act, but a coerced official duty performed, and none of the consequences of an unauthorized and officious payment follow. The authority is given to collect unpaid taxes due the State and county, to reimburse its officer, who has been forced to pay them before he could collect. The matter in controversy in the appeal has been settled in previous adjudications, and we do not find it necessary to reconsider them in the present appeal. There is no error. This will be certified for further proceedings in the Court below.

No error.                                      Affirmed.