JAMES F. KERNER, Administrator of R. B. Kerner, v. BOSTON COTTAGE COMPANY, W. E. Franklin and H. R. Starbuck, Trustees.

(Decided December 13, 1898).

### Cloud on Title—Tax Title.

1. A tax collector has no right to receive anything in payment of taxes except legal tender money, unless the tax collector is instructed by competent authority to take county script, or other lawful indebtedness of the county for county taxes.

2. If the tax collector pays or accounts for the taxes under an agreement

with the tax debtor to do so, this will discharge the tax and the lien; and he may recover the amount back from the tax debtor.

THIS original action was instituted in November, 1894, in the Superior Court of FORSYTH County.

By an order in the cause W. H. Hendren was appointed receiver of the Boston Cottage Company and sold real estate claimed by the company, at public auction, to A. H. Eller, a director, who declined to pay for the same alleging that one William Palmer was claiming the same under a tax title. Hendren, receiver, alleged that the tax had really been paid, when the land was sold for taxes in May, 1895, and that Palmer therefore had acquired no title, but that his claim threw a cloud upon the title of the company and prevented a sale by him, as receiver.

By order of the Court, in the original case, an action was docketed and complaint and answer filed at May Term, 1898, in a case entitled:

W. M. HENDREN, Receiver,
v.
WILLIAM PALMER.

*Issue:* "Had the Boston Cottage Co. paid all taxes due on the property in dispute before the sale thereof in May, 1895?"

This issue was submitted to the jury at August Term, 1898, of Forsyth Superior Court by *McIver, J.*

The plaintiff introduced a tax deed from McArthur, Sheriff, to the defendant, dated August 5, 1896, for the land in controversy.

A. H. Eller, witness for plaintiff, testified: That on the day of sale he saw Sheriff McArthur and arranged with him, that the land should not be sold for taxes by giving his note payable in 60 days, which the Sheriff agreed to accept in place of the money. That he did

not take any receipt from the Sheriff, and that the tax receipt remained in the possession of the Sheriff. That he had never paid the note, and did not know the land was sold, until after the deed to the defendant was put on record in August, 1896. He then tendered the Sheriff the money, who declined to receive it.

Sheriff McArthur testified: That the tax was not paid when he made the sale. That he had no recollection of taking Mr. Eller's note, but did not deny it.

The defendant relied upon his tax deed—and contended that even if a note had been given by Mr. Eller and accepted by the Sheriff, that this was not a payment, but a mere promise to pay.

The Judge charged the jury: That if the Sheriff accepted Mr. Eller's note in settlement of taxes for the year 1894, that this was payment.

Defendant excepted.

The jury responded to the issue in the affirmative. Judgment for the plaintiff, receiver.

Defendant, Palmer, appealed.

*Messrs. Watson, Buxton & Watson* and *Shepherd & Busbee*, for defendant (appellant).

*Messrs. Jones & Patterson* and *Glenn & Manly*, for plaintiff.

FURCHES, J.: This action as originally commenced was to remove a cloud from the title of plaintiff, under the Statute of 1893. But by the answer of defendant and reply thereto by plaintiff, it seems to have been turned into an action of ejectment. It is not necessary however to further notice this apparent change, as it does not affect the rights of the parties so far as this appeal is concerned, and is not the point in the case.

The plaintiff claims that the title is in the Boston Cottage Company and defendant claims that he is the owner under a sale for taxes, due by the Boston Cottage Company, and the Sheriff's deed. The sale and deed by the Sheriff to the defendant (the appellant, W. M. Palmer) were admitted by the plaintiff; but plaintiff alleges that the taxes under which the sale was made had been paid before the sale under which defendant claims title. This is the only question presented by this appeal.

It was admitted by the plaintiff that these taxes had not been paid in money, or any kind of lawful currency; but he alleged that A. H. Eller, as the agent of plaintiff, had seen McArthur, the Sheriff of Forsyth County, on the morning of the sale, and that under an arrangement entered into between Eller and the Sheriff, Eller gave the Sheriff his promissory note for the taxes under which the land was sold, and the Sheriff agreed not to sell.

This the plaintiff alleges was in law a payment, and asked the Court so to instruct the jury; while the defendant contended that this was not a payment, and asked the Court to so instruct the jury. The Court declined to give the instructions asked by the defendant, and instructed the jury that if they should find "that before the land was sold, on the 6th of May, 1895, for the taxes of 1894, the Sheriff accepted the note of A. H. Eller and Addison for the taxes due on the property of the Boston Cottage Company, saying the property would not be sold, and you find the Sheriff accepted the note, it is the duty of the jury to answer the issue "Yes."

The issue was: "Had the Boston Cottage Company

paid all the taxes due on the property in dispute before the sale thereof in May, 1895?"

There was error in refusing the defendant's prayer for instruction, and in the instruction given. "A tax collector has no right to receive anything in payment of taxes except legal tender money." Black on Tax Titles, Section 160.

"And the lien will not be discharged by any such payment." Ibid. But this may be otherwise where the tax collector is instructed by competent authority to take County script, or other lawful indebtedness of the county for county taxes. Ibid. The same doctrine is held by Judge Cooley. Cooley on Taxation (2nd Ed.) 452. If the tax collector actually pays or accounts for the taxes under an agreement with the tax debtor to do so, this will discharge the tax and the lien; and the tax collector, paying the tax, may recover it back from the tax debtor. Cooley, *supra*.

It was stated during the argument, that the property in controversy was bid in by the County of Forsyth at the sale in May, 1895, and this bid was afterwards assigned to the defendant. But as this question is not presented by the record and seems not to have entered into the consideration of the trial below, we do not consider it on this appeal. There is error for which a new trial is ordered.

New trial.