MURDOCK v. COMMISSIONERS.

(Filed April 18, 1905).

*Taxation—Solvent Credits—Order of County Commissioners.
—Remedy to Test Legality of Tax.*

1.  The Act of 1901, Ch. 7, Sec. 33, providing that the value of cotton "in the hands of a commission merchant" shall be listed as a solvent credit, does not apply to cotton in the plaintiffs' own hands and under their control and keeping.

2.  The Superior Court has no jurisdiction to entertain an appeal from an order of County Commissioners with reference to the plaintiff's return of taxes. If the tax was paid under protest, the proper remedy to test its legality is by an action to recover the amount paid.

THIS was an appeal from an order of the Board of Commissioners of IREDELL County, heard by *Judge Henry R. Bryan,* and a jury at the January Term, 1905, of the Superior Court of IREDELL County.   The issue submitted was as follows, "Are the plaintiffs liable for the taxes assessed against them on $10,080 worth of cotton?"   The jury, under direction of the judge answered the issue 'No'.    The defendants appealed.

The plaintiffs R. K. Murdock & N. P. Watt, in June 1902, returned $10,080. worth of cotton as solvent credit, and at the same time deducted their indebtedness, amounting to

$10,080, therefrom, the said $10,080 being the money used by them in the purchase of the cotton returned for taxation.

*L. C. Caldwell,* for the plaintiffs.
*H. P. Grier* and *W. G. Lewis,* for the defendants.

BROWN, J.   His Honor, *Judge Bryan,* instructed the jury upon the evidence to answer the issue "no" and gave judgment for plaintiffs for $95.61, the amount of the tax which plaintiffs had paid.   In this we think there was error.

1st. We are of opinion that the evidence failed to bring the transaction within the terms of the Act of 1901 Ch. 7 Sec. 33.   All the evidence, including that of the plaintiffs themselves, tended to prove that the cotton was not "in the hands of a commission merchant or agent in or out of the State", but was in the plaintiffs' own hands and possession and under their control and keeping; that on June 1, 1902, it was in their warehouse in Statesville to which they had the keys.   Therefore "the value of the cotton in the hands of a commission merchant," under the facts of this case, could not very well be assessed as a solvent credit, and therefore the action of the Board was legal.

2nd. The Superior Court had no jurisdiction to render the judgment set out in the record.   It is true the case on appeal calls this proceeding a civil action, but the record discloses that it is not, as is shown by the following extract:   "The appellant board declined to accept the return as made by appellees, and ordered the clerk of its board to make out a receipt of the taxes in conformity to corrected tax return, from which order the appellees appealed to the Superior Court in term.

"The following is the order of said board: 'Ordered that the clerk of this board make out tax receipt against Watt & Murdock for $10,080., as a corrected receipt for return of 1902.'

MURDOCK *v.* COMMISSIONERS.

"At the meeting of the board of commissioners in August, the following appears of record: 'The question of taxes against Watt & Murdock, upon the motion to reconsider, motion overruled from which defendants give notice of appeal'. Notice of appeal waived in open session."

It appears from the judgment of the Superior Court that the *ad valorem* tax of $95.61 assessed upon the cotton was paid by plaintiffs and the court renders judgment in their favor against defendants for that sum. Although the point was not made, we feel it our duty to notice the defect of jurisdiction in the Superior Court to render the judgment. There is no statute with which we are acquainted, and none has been called to our attention, which gives the Superior Court jurisdiction to entertain such an appeal or proceeding as this, or to render a judgment in it against the defendants for the amount of the tax paid. If the plaintiffs paid this tax in obedience to the order of the board of commissioners under protest, the proper remedy to test the legality of the tax is by an action brought in a court of a justice of the peace to recover the amount paid. Then the Superior Court would have appellate jurisdiction. The proceeding is irregular. Let the judgment of the Superior Court be reversed and this proceeding

Dismissed.