W. M. BERRY, INDIVIDUALLY AND AS TAX COLLECTOR OF ELIZABETH CITY, v. W. T. DAVIS ET AL.

(Filed 28 February, 1912.)

1. Taxation—Tax Collectors—Powers—Interpretation of Statutes.

A tax collector of a city to whom has been given all the rights and remedies for collecting taxes possessed by sheriffs under the general revenue laws of the State is confined to the methods which the statute specifies, and resort may not be had to a civil action for that purpose except where these methods are inadequate and unavailing.

2. Taxation—Methods for Collection—Interpretation of Statutes— Constitutional Law.

Our statutes provide "that no mortgage or deed of trust executed upon personal property shall have a lien thereon superior to the lien acquired by a subsequent levy upon said property" for the payment of taxes, etc., requiring certain notice to the mortgagee or trustee to afford them an opportunity for payment, with costs incident to making the levy, which shall become a part of the mortgage debt, etc. (Revisal, sec. 2863) ; that taxes shall not be a lien on personal property, etc. (Revisal, sec. 2863) ; that all personal property shall be liable to be seized and sold for taxes, etc., and transfers thereof, except as to *bona fide* purchasers, etc., "shall be null and void as to said taxes," and not affect the rights, etc., of the sheriff to levy upon and sell it for taxes, if the "levy be made within sixty days after such transfer" (Revisal, sec. 2886) : *Held*, these provisions are within the powers of the Legislature, and are valid.

3. Taxation—Methods of Collection—Personal Property—Tax List— Execution—Levy—Claim and Delivery—Interpretation of Statutes.

The express statutory methods for collecting taxes on personal property is by seizure and sale, and in the absence of some exceptional conditions rendering such remedies inadequate and

BERRY *v.* DAVIS.

unavailing, an executive officer holding the tax list and charged with the duty of collecting is confined to them; and the tax list being in the nature of an execution, he may not under ordinary conditions resort to the process of claim and delivery in enforcement of his claim.

4. **Taxation — Methods of Collection — Personal Property—Levy—Practice—Special Circumstances.**

While in this action the ordinary methods of collecting taxes on personal property should have been pursued by the officer charged with collecting them, instead of resorting to claim and delivery for the purpose, the possession of the property by the principal defendant, his appearing under the facts of the case to have regarded the levy as properly made, and his agreement that the courts should determine the controversy, withholds the court from dismissing the action.

5. **Taxation—Tax Collector—Settlement—Subsequent Enforcement —Interpretation of Statutes.**

A tax collector does not lose his right to pursue the statutory methods provided for enforcing collection of taxes against the personal property of a delinquent taxpayer because he has accounted for those taxes to the proper authorities in a settlement with them.

6. **Taxation—Liens—Lapse of Time—Mortgagor and Mortgagee—Interpretation of Statutes.**

Under our general statute applicable, one charged with the collection of taxes is allowed no longer than one year from the day prescribed by statute for his settlement and payment thereof, and thereafter his lien on property of a delinquent taxpayer is not enforcible against the right acquired under a registered mortgage. Revisal, sec. 2869.

APPEAL from *Cline, J.,* at Fall Term, 1911, of PASQUOTANK.

Civil action, claim and delivery, in enforcement of a lien claimed on personal property of delinquent taxpayer.

One G. H. Wood, holding a mortgage on the property seized in the cause, having intervened, it was adjudged that the plaintiff owned the property to an amount sufficient to pay the taxes due from the delinquents, to wit, $84.68—$42.74 for 1909 and $41.94 for 1910—and the question of the right to this sum as between the plaintiffs, the tax collector of Elizabeth City, and the mortgagee, being reserved, the property was turned over to the mortgagee, who sold the same as per agreement (B), made

of date 17 August, 1911, paid $100 of proceeds into court, subject to the judgment. On the hearing, it appeared that the tax collector, before bringing suit, had paid over the amount of tax to the city and that the property was not sufficient to pay the debt secured by mortgage and the taxes; that action was commenced on 11 August, 1911; mortgage executed 7 June, 1911; verbal notice given of amount of taxes due, to mortgagee's attorney, when agreement (B) was made, to wit, 11 August, 1911.

On question reserved, judgment was given in favor of mortgagee, and plaintiff excepted and appealed.

*J. Kenyon Wilson for plaintiff.*
*No counsel contra.*

HOKE, J., after stating the case: Plaintiff, the tax collector of Elizabeth City, having by statute all the rights and powers conferred upon sheriffs by the general revenue laws, held a claim for unpaid taxes against W. T. and G. M. Davis to the amount of $84.68, $42.74 of which was for unpaid taxes for 1909 and $41.94 was for taxes for 1910. Having settled with the corporation of Elizabeth City, plaintiff, holding the tax lists and the claim arising thereon, on 11 August, 1911, instituted claim and delivery in enforcement of the demand, and under process seized a considerable lot of personal property, owned and in the possession of the principal defendants. Thereupon, and on the day the action was instituted, G. H. Wood, having a mortgage on the property, duly registered in said county on 7 June, 1911, on application, was allowed to intervene and claim the property under said mortgage. Plaintiff and the intervenor, with the assent of defendants, thereupon entered into an agreement in the cause, Exhibit (B), by which the property was turned over to the mortgagee for purpose of sale under the mortgage, and $100 of proceeds were paid into court "to abide the results of the cause as to the claim of said G. H. Wood." Judgment was entered that plaintiff was owner of the property seized, to the extent of the $84.68, subject to the rights of the mortgagee. On question reserved, the court, being of opinion that the mortgagee had the superior claim, entered judgment in his favor, and plaintiff excepted and appealed.

As heretofore stated, the present plaintiff, the tax collector of Elizabeth City, has been given all the rights and remedies for collection of taxes possessed by the sheriffs under the general revenue laws of the State, and it may be well to note that this right of collecting taxes is a statutory right, and, as a rule, the collecting officer is confined to methods which the statute specifies. True, we have held, in this State, that where these methods are unavailing or inadequate, the authorities are allowed to resort to a civil action, a modification of the more general principle, applied and sustained in a forcible opinion by the present *Chief Justice* in *State and Guilford v. Georgia Co.*, 112 N. C., 34, though in that case decided intimation is given that as to the executive officers and under ordinary conditions, the remedies provided by the statute must be pursued. Recurring, then, to the portions of the statute more directly relevant, it is provided by section 2863 that taxes shall not be a lien on personal property except where otherwise provided by law, but from a levy thereon. By section 2886 all personal property subject to taxation shall be liable to be seized and sold for taxes, etc., and all transfers of personal property by any taxpayer, made after his taxes are due, by way of gift or mortgage, or deed of trust, or of assignment for creditors, or bequest by will, or any other way or for any other purpose than a *bona fide* sale for value in the ordinary course of dealing, shall be null and void as to said taxes and shall have no effect upon the rights, powers, and duties of the sheriff to levy upon and sell such property for such taxes, provided such levy be made within sixty days after such transfer.

By chapter 207, Private Laws 1911, section 2863 of the Revisal is amended as follows: *"Provided,* that no mortgage or deed of trust executed upon personal property shall have the effect of creating a lien thereon superior to the lien acquired by a subsequent levy upon said property for the payment of the State, county, and municipal taxes assessed against the same; but the sheriff or other tax collector levying upon such property, for the purpose of collecting the taxes due thereon, shall give due notice to the mortgagee or trustee of such property of the amount of such taxes at least ten days before the sale of

the same, and such trustee or mortgagee shall have the right to pay said taxes and the costs incident to making said levy, when the sheriff or tax collector shall release the same to such trustee or mortgagee, and the amount so paid by said trustee or mortgagee shall constitute a part of the debt secured in said. mortgage or deed of trust."

There is no doubt as to the power of the General Assembly to enact legislation of this character, certainly as to mortgages and deeds of trust, etc., made subsequent thereto (37 Cyc., p. 714) ; and a proper consideration of these and other sections of the Revisal bearing on the subject leads to the conclusion that, while the Legislature intended to make the claim for taxes, in the cases and to the extent specified, a superior claim on personal property, such claim, as a rule, could only be made efficient by proper levy on same.

A different rule exists in reference to real estate. By section 2864 the tax list is made a lien on all the real estate of a taxpayer within the county from and after June 1 in every year, and, in addition to the remedies by summary process, provides in certain cases for a foreclosure of the lien by action (Revisal, section 2866) ; but, as heretofore stated, there is no such provision as to personal property, and the only remedy expressly given is that by seizure and sale, and in the absence of some exceptional conditions rendering such remedies inadequate and unavailing, an executive officer, holding the tax list and charged with the duty of collection, is confined to this. A tax list here is in the nature of an execution, and, until levy made, an officer may not resort to process of claim and delivery in enforcement of his claim. 34 Cyc., p. 1392, citing *Muchasen v. Lane*, 82 Ill., 117.

There were no exceptional circumstances present in this case justifying a departure from the ordinary methods, the principal defendants being in full and undisputed possession of the property as owners, and we would feel constrained to dismiss the action but for the fact that judgment by default, and without exception, has been entered establishing plaintiff's ownership, and the mortgagee having intervened, the parties treating the proceedings as a proper levy, have submitted the question of the superiority of their claims on the facts heretofore stated.

It was chiefly urged for the mortgagee that the plaintiff had lost his rights as collecting officer because he had accounted to the corporation for the taxes claimed, but authority with us is against defendant's position. *Jones v. Arrington,* 94 N. C., 541. In that case it was held in effect that when a sheriff or collecting officer had advanced the amount of taxes in settlement with the county, this would not constitute a payment, and that the remedies provided by the law for the enforcement of collections would still exist. To the extent, then, that the plaintiff retained the statutory powers conferred for this purpose, his claim must be upheld, as we have seen he had all the rights and powers in collecting corporation taxes conferred by the general law on sheriffs.

By chapter 72, sec. 2869, "a sheriff, and in case of his death, the sureties on his tax bond, is allowed one year and no longer from the day prescribed for his settlement and payment of taxes, within which to finish the collection of all taxes." As to the taxes for 1909, the time allowed by this section had expired, and plaintiff, having no further right to enforce collection by levy as to this, his demand must fail. As to the taxes due for 1910, to wit, the sum of $41.94, the right of collection coming within the provisions of the statute, the claim to that extent must be sustained, and judgment will be entered for that amount and costs.

Judgment modified.