JANIE O. HUNT v. J. W. COOPER, SHERIFF OF BERTIE COUNTY.

(Filed 28 September, 1927.)

1. **Taxation—Counties—Actions—Recovery of Illegal Taxes Paid—Pleadings—Allegations—Statutes.**

In order to recover money paid under protest to the sheriff as taxes on land within the county, it is necessary to allege that the taxes sought to be recovered were illegally imposed or unlawfully collected, and in the absence of such allegation an injunction against the sale of the land for the payment of the taxes due will be denied. C. S., 7979.

2. **Same—Extension of Time to Collect Back Taxes.**

The Legislature has the power to enact a law to extend the time to the sheriff for the collection of taxes due in the past, and to foreclose upon the land for that purpose, and where the owner has neglected to pay them such owner may not pay under protest and recover them, or successfully seek injunctive relief against the sheriff's sale, in the absence of

allegation that the taxes collected by the sheriff were illegal or unlawfully collected. 3 C. S., 8005(a), (b), (c), (d) ; Laws of 1925, ch. 80; 1927, ch. 89.

**3. Same—Injunction.**

Where the owner has not paid the back taxes due within the county and their collection by the sheriff is authorized by statute, the mere fact that the sheriff knew the lessee had agreed with the owner to pay them and had given the former certain indulgence or extension of time for their payment, or that the sheriff had made settlement for the taxes, or that he had not given the owner notice of the lessee's delinquency, does not relieve the owner of liability for their payment or entitle him to injunctive relief against the sheriff's foreclosure upon the lands.

**4. Same—Written Notice—County Treasurer—Parties.**

In order to recover moneys illegally or unlawfully demanded of the sheriff from the owner on lands situated within the county, and paid by the owner under protest, and not returned to him, the statute does not authorize suit against the sheriff for its recovery, and the statutory method must be pursued by suit against the county, etc., by whose authority or for whose benefit the tax was levied, after thirty days written notice to the treasurer thereof.

APPEAL by plaintiff from a judgment of *Grady, J.,* dissolving a temporary order restraining the collection of taxes assessed against the plaintiff's property and dismissing the action. From BERTIE. Affirmed.

The plaintiff alleged in her first cause of action that she owned two farms in Bertie County which she had leased to J. T. Nicholls in 1923 and 1924 in consideration of an annual rent of $3,000, and the payment by Nichols of all taxes annually assessed against said property; that the taxes assessed against it for these two years were respectively $449.05 and $449.07; that for several preceding years the defendant had collected the taxes from Nicholls and had not at any time demanded payment of the plaintiff, although she had written him to inquire whether the taxes had been paid; that in 1925 and 1926 the defendant had settled with the county for the taxes due for 1923 and 1924 of his own volition; that from time to time he had granted indulgence to Nicholls, who died insolvent in December, 1926; that the defendant had levied upon and advertised the said lands for sale to pay delinquent taxes, and that the levy and advertisement were wrongful and unlawful.

For a second cause of action the plaintiff alleged that the taxes assessed for 1925 and 1926 amounted to $1,180.82, which Nicholls had agreed but failed to pay; that the defendant had continued his indulgence to Nicholls and had not called upon the plaintiff for payment, in consequence of which she had not attempted to assert her lien as landlord; and that she had paid the taxes for 1925 and 1926 under protest and had since demanded that the amount be returned.

The defendant demurred to each cause of action and his Honor being of opinion that the plaintiff could not recover on either, sustained the demurrer. The plaintiff excepted and appealed.

*Craig & Pritchett for plaintiff.*
*Gillam & Spruill and Winston, Matthews & Kenney for defendant.*

ADAMS, J. It is provided by statute that unless a tax or assessment, or some part thereof, be illegal or invalid or levied or assessed for an illegal or unauthorized purpose, no injunction shall be granted by any court or judge to restrain the collection thereof in whole or in part, and that if any person shall have a valid defense to the enforcement of a tax or assessment which is not illegal or unauthorized, he shall pay such tax or assessment to the sheriff and afterwards seek to recover it in accordance with the statutory method. C. S., 7979. The statute has been so frequently considered and explained as to call for the citation of no decisions pointing out the necessity of alleging, when an injunction is sought, that the tax or assessment is illegal or invalid or levied or assessed for an illegal or unauthorized purpose. As to this it is sufficient to say that there is no such allegation in either cause of action. Notwithstanding the want of such an allegation the plaintiff impeaches the authority of the defendant to make the sale. In 1923 the Legislature enacted a statute conferring upon sheriffs and tax collectors authority to collect arrears of taxes for the years 1917 to 1922; in 1925 the time was extended to 1923 and 1924; and in 1927 to 1925 and 1926, the authority thus conferred to cease and determine on the first day of January, 1929. 3 C. S., 8005(a), (b), (c), (d); Laws 1925, ch. 80; Laws 1927, ch. 89. The obvious purpose of the act of 1927 was to continue in effect until the first day of January, 1929, the power theretofore conferred upon sheriffs and tax collectors by the acts of 1923 and 1925. That the General Assembly has power to enact legislation of this character is not to be questioned. *R. R. v. Comrs.,* 82 N. C., 259; *Johnson v. Royster,* 88 N. C., 194; *Jones v. Arrington,* 91 N. C., 125; *ibid.,* 94 N. C., 541; *Wilmington v. Cronly,* 122 N. C., 383; *Lumber Co. v. Smith,* 146 N. C., 199.

The plaintiff bases her action chiefly upon the allegation that the defendant, knowing that Nicholls had agreed to pay the tax, indulged him from time to time, and finally settled with the county for all taxes due for 1923 and 1924, and thereby extinguished all liens upon her land for unpaid taxes, and that the defendant must seek his remedy in an action against the estate of Nicholls. We entertain a different opinion. The rental contract between the plaintiff and Nicholls did not relieve the plaintiff of the duty to see that her taxes were paid. She

could not excuse her delay by pleading the sheriff's failure to notify her that her taxes were due. If the tax assessed against her land was not paid the lien continued in effect. From a legal viewpoint the tax debtor was the plaintiff, not Nicholls; and for this reason the principle upon which *Kerner v. Cottage Co.,* 123 N. C., 294, was decided is not applicable. The sheriff's settlement with the county did not extinguish the delinquent taxpayer's liability. *Jones v. Arrington, supra; Berry v. Davis,* 158 N. C., 170.

The only additional allegation in the second cause of action which may be regarded as material is this: some time in the year 1927 the plaintiff paid to the defendant "under protest" the taxes assessed against her property in 1925 and 1926, "and has since demanded a return of the same." This evidently is insufficient. There is no allegation, as the statute requires, that a written notice of the protest was given the defendant or that a written demand for repayment was made within thirty days after payment upon the treasurer of the State or county. The provision is that if a tax which is paid under protest in the method prescribed is not refunded upon legal demand, the taxpayer may sue the county, city, or town by whose authority or for whose benefit the tax was levied; but there is no authority for such a suit against the sheriff. *Ragan v. Doughton,* 192 N. C., 501; *R. R. v. Comrs.,* 188 N. C., 265; *Murdock v. Comrs.,* 138 N. C., 124; *Purnell v. Page,* 133 N. C., 125. Indeed, the plaintiff admits that she cannot maintain an action to recover the amount alleged to have been paid under protest. This judgment is

Affirmed.