H. A. LITCHFIELD v. J. K. REID, SHERIFF, ET AL.

(Filed 22 February, 1928.)

1. **Evidence—Burden of Proof—In Tax-payer's Suit to Enjoin Sale of His Land—Tax Sales.**

   In a taxpayer's suit to enjoin the sheriff from selling his lands for the nonpayment of his taxes, based upon whether his check given therefor has been paid by the drawee bank, the burden is upon him to show this fact when he relies thereon.

2. **Evidence—Materiality—Sufficiency to Go to Jury—Tax Sales.**

   Where in a taxpayer's suit to enjoin the sale of his land for the non-payment of taxes he introduces evidence tending to show that a check given and accepted therefor was returned to him by the payer bank, which that day became insolvent, marked "paid," and other evidence was introduced tending to show that notwithstanding this the check was in fact not paid, and there was no evidence as to by whom the check was presented nor mode of payment: *Held,* the evidence is sufficient to be submitted to the jury.

3. **Evidence—Presumptions—Banks and Banking—Checks.**

   Where a check passes through several banks in the course of collection "pay to any bank or order," and is marked paid by the drawee bank, and returned to the maker, there is at least a presumable inference of fact that it was paid in money to some bank as the holder thereof.

APPEAL by plaintiff from *Moore, Special Judge,* at October Term, 1927, of WASHINGTON. New trial.

Action to restrain and enjoin defendant, J. K. Reid, as sheriff of Washington County, from selling property of plaintiff for the collection of taxes for the year 1924.

Plaintiff alleges that he paid his taxes for the year 1924 on 3 January, 1925, by check, and that said check was duly paid, on presentation, by

the bank on which it was drawn. Defendant denies the allegation that said check has been paid. He contends that plaintiff's taxes for the year 1924 have not been paid by check as alleged or otherwise.

From judgment, at the close of all the evidence, dissolving the temporary restraining order, which had been continued to the hearing, and dismissing the action, plaintiff appealed to the Supreme Court.

*Ward & Grimes for plaintiff.*
*Van B. Martin for defendant.*

CONNOR, J. The amount assessed against plaintiff as taxes for the year 1924 in Washington County was $366.66. On 3 January, 1925, plaintiff drew his check, payable to W. D. Peele, or order, on the United Commercial Bank of Plymouth, N. C., for said sum. W. D. Peele, payee of said check, was a deputy sheriff of Washington County, residing at Creswell, N. C., and as such deputy sheriff was duly authorized by defendant, J. K. Reid, sheriff of said county, to collect said taxes. The said check was delivered by plaintiff to said W. D. Peele and was accepted by the said Peele in payment of said taxes, immediately after it was drawn. Upon the delivery to him of said check, the said deputy sheriff gave to plaintiff the sheriff's receipt, taken from the tax books, for said taxes.

W. D. Peele, payee of said check, endorsed the same, and deposited it to his credit on 3 January, 1925, with the Bank of Creswell. It was thereafter duly presented to the United Commercial Bank of Plymouth, N. C., the drawee bank, for payment. At the time the check was drawn by plaintiff, and also at the time it was presented for payment, plaintiff had on deposit with the drawee bank a sum in excess of the amount of the check. The check was charged to the account of plaintiff by the drawee bank, and at the end of the month was returned to him, with other canceled checks. His bank statement showed that the amount of the check had been deducted from his deposits. The check when thus returned to plaintiff, in addition to the endorsement of W. D. Peele, the payee, bore the endorsements of the Bank of Creswell, dated 3 January, 1925; of the Virginia National Bank, Norfolk, Va., dated 5 January, 1925; and of the Wachovia Bank and Trust Company, dated 6 January, 1925. The check was also stamped or perforated as follows: "Paid 1/13/25." It was admitted that this stamp or perforation was made by the United Commercial Bank, upon which the check was drawn.

On 13 January, 1925, the United Commercial Bank of Plymouth closed its doors and ceased to do business. It was thereafter declared insolvent, and a receiver has been duly appointed for it. On or about 2 February, 1925, W. D. Peele was notified by the Bank of Creswell

that plaintiff's check, which had been deposited by him with it on 3 January, 1925, had not been paid by the drawee bank, upon presentation, and that his account with said Bank of Creswell had been charged with the amount of said check. Defendant, J. K. Reid, sheriff of Washington County, thereafter advertised plaintiff's property for sale for the collection of his taxes for the year 1924, upon his contention that said taxes had not been paid. Pending the advertisement, this action was begun by plaintiff to restrain the said sheriff from selling his property, upon his contention that he had paid his taxes by his check payable to W. D. Peele on the United Commercial Bank of Plymouth. These respective contentions present the question as to whether plaintiff's check, given by him and accepted by defendant's deputy in payment of plaintiff's taxes for 1924, has been paid by the drawee bank.

Upon the conclusion of the evidence tending to show the facts to be as hereinabove stated, the court was of opinion that plaintiff was not entitled to the relief demanded in this action, and in accordance with said opinion rendered judgment dissolving the restraining order and dismissing the action. Plaintiff excepted to the judgment, and upon his appeal to this Court relies upon his assignment of error based upon this exception.

The burden of the issue raised by the pleadings in this action, involving the question as to whether plaintiff has paid his taxes for the year 1924, is upon the plaintiff. The evidence offered by him on the trial was sufficient to sustain this burden. It tends to show that the check which he gave to the deputy sheriff, and which the said deputy sheriff accepted in payment of his taxes, was paid by the bank on which it was drawn. It is true that it appears that the bank closed its doors on the day the check was marked paid. There is no evidence tending to show by whom the check was presented to the drawee bank for payment, nor to whom the payment was made. The check was endorsed by the payee without restriction and thereafter transferred by the endorsement of the Bank of Creswell, which was not the holder of the check at the date of its presentment for payment. The last endorsement was "pay to any bank or order." Nor is there evidence tending to show how the check was paid—whether by money or by check or draft drawn by the bank. In the absence of evidence tending to show payment otherwise, an inference of fact is, at least, permissible that it was paid in money to some bank as the holder thereof. There was error in holding that the evidence was not sufficient to be submitted to the jury upon plaintiff's contention that the check was paid by the drawee bank and that he had thereby paid his taxes for 1924.

The questions decided in *Bank v. Barrow,* 189 N. C., 303, and in *Graham v. Warehouse,* 189 N. C., 533, are not presented upon this

record. The questions decided in these cases arise only where there is evidence tending to show that the drawee bank accepted the check of its depositor for payment, and undertook to pay the same, not with money, but with its check or draft upon another bank, which thereafter failed or refused to pay the same. In both the cited cases the check or draft of the drawee bank, given in payment of its depositor's check, was not paid by the bank on which it was drawn, and the question presented for decision was whether or not the depositor's check, upon the facts of each case, had been paid. In *Graham v. Warehouse* it is said in the opinion for the Court: "In any event, at the commencement of this action, plaintiff was indebted to Lawson in the sum of $219.60, either because the amount of his deposit has not been paid, or if it was paid, because he has been subrogated to the rights of the American Exchange National Bank in and to the check, which includes the proceeds of the collection of Lawson's check, payable to Weinstein." In *Bank v. Barrow* it was held that plaintiff, the payee of the check, could not recover in the action to foreclose a mortgage because it had accepted defendant's check in payment of the note secured by the mortgage, and had failed to exercise due diligence in presenting the check to the drawee bank for payment. In *Morris v. Cleve,* 193 N. C., 389, it was held that plaintiff could not recover on the note which defendant had executed because upon the facts alleged in the complaint plaintiff was not the holder of the note. It is said in the opinion in that case: "It is immaterial whether said check has in fact been paid by the Bank of Vanceboro, on which it was drawn, or not; the Bank of Washington, as holder of said check, if it has not been paid, can alone recover of defendants as drawers of the check, the amount due thereon." The liability to its customer of a bank, which has accepted for collection and deposit to its customer's credit, a check drawn on another bank, from which it has accepted in payment of said check, a check or draft on still another bank, is discussed, with full citation of authorities in *Barnes v. Trust Co.,* 194 N. C., 371.

In the instant case there is no allegation of negligence on the part of the payee or of any subsequent holder of the check, with respect to its presentation to the drawee bank for payment. The check was issued on 3 January, 1925; it was presented for payment on or before 13 January, 1925; when the check was accepted for payment by the drawee bank, it was charged to the account of the drawer, and subsequently returned to him, stamped or perforated, "Paid, 1/13/25." There is no evidence tending to show what disposition was made by the drawee bank of the amount charged to its depositor, the drawer of the check, on account of the same. Upon the facts shown by the evidence, plaintiff has no concern as to such disposition. The jury might have found from the evidence that the proceeds of the check were paid to the holder of the check,

who presented it for payment, and who had the right, if he chose to exercise it, to demand money for said check. There is no evidence that said check was presented "by or through any Federal Reserve Bank, postoffice, or express company or any respective agents thereof." 3 C. S., 220(AA), formerly section 2 of chapter 20, Public Laws 1921, of North Carolina, therefore has no application to this case, nor is the well-considered decision of the Circuit Court of Appeals, Fourth Circuit, in *Cleve et al. v. Craven Chemical Company et al.,* 18 F. (2d), 711, authoritative upon the question here presented.

There is error in the judgment dissolving the restraining order and dismissing the action, upon the ground that upon all the evidence plaintiff is not entitled to recover. The issue as to whether the plaintiff had paid his taxes for the year 1924, involving the question as to whether his check, given and accepted in payment of same, was paid by the drawee bank, should have been submitted to the jury, with appropriate instructions. The judgment is set aside in order that there may be a

New trial.