UNITED STATES FIDELITY AND GUARANTY COMPANY AND N. H. MC-
GEACHY, SHERIFF OF CUMBERLAND COUNTY, v. J. VANCE McGOUGAN
ET AL.

(Filed 25 January, 1933.)

**1. Taxation D d—Under facts of this case held: tax lien against land
was discharged and plaintiffs obtained no right of subrogation there-
under.**

The sheriff of a county advertised certain lands for sale for delinquent
taxes. The owner executed a note for the amount of the taxes to the
sheriff individually, the sheriff accepted the note in payment and discon-
tinued the advertisement of the property, marked the taxes paid upon
the proper record, detached the original receipt and attached it to the
note. The sheriff accounted to the county for all taxes, including the tax
in question, and upon discovery of a shortage, the surety on the sheriff's
bond paid the amount of the shortage. The land in question was there-
after foreclosed under deed of trust executed prior to the year for which
the taxes were due, which deed of trust provided for foreclosure for non-
payment of taxes. The sheriff assigned the note to his surety, who brought
action seeking to enforce the county's lien against the land for the taxes:
*Held*, the tax lien was discharged and neither the sheriff nor his surety
may assert a claim thereunder. C. S., 7977, 7994.

**2. Appeal and Error J c—**

Exceptions to the findings of fact will not be sustained where it appears
that the evidence and reasonable inferences therefrom support the judg-
ment.

STACY, C. J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Barnhill, J.,* at March Term, 1932, of CUMBER-
LAND.

On 26 September, 1923, J. Vance McGougan and wife executed a deed
of trust on certain land owned by him in 71st Township in Cumberland
County, which instrument was duly recorded. McGeachy was sheriff
of Cumberland County.

The parties agreed that the judge should find the facts and render
judgment thereon. The pertinent facts so found may be briefly sum-
marized as follows: McGougan listed his land covered by said deed
of trust in 71st Township, for the years 1925 and 1926. He did not
pay the taxes for either year, and on 25 August, 1927, McGeachy, as
sheriff, advertised the property for sale in accordance with the law.
Thereupon McGougan approached the sheriff and delivered to the said
sheriff his promissory note in the sum of $1,726.30, due thirty days
after date and bearing interest from maturity. Upon delivery of the
note the sheriff discontinued the advertisement of the land and marked
"paid" the receipts and record, and removed the original tax receipts

from the official books and attached the same to the note. The sheriff was of the opinion that the note was collectible "and it was his purpose to discount the note and pay the proceeds to the county in satisfaction of said taxes. . . . Thereafter the said sheriff reported said taxes as paid and in his regular annual settlement with the county, accounted for the same and paid the amount due to the proper county official, and as to such taxes made full settlement therefor. . . . That subsequently thereto the county had the books of N. H. McGeachy, sheriff, audited, and as a result of said audit claimed that the sheriff had failed to account for all moneys collected during the preceding years of his administration. The bonding company made settlement with said county upon said claim of shortage, and thereupon said sheriff transferred, assigned and delivered to said bonding company the note of McGougan, defendant hereinbefore referred to, together with the tax receipt thereto attached, and other collateral to indemnify said bonding company against any loss on account of payments made by it, and the said bonding Company is now the owner of said note. That said note was payable to N. H. McGeachy individually and not as sheriff, and that the acceptance of same by the sheriff was a voluntary act for the accommodation of the taxpayer, and the acceptance of same discharged any lien for taxes upon said land." The deed of trust held by the Atlantic Joint Stock Land Bank provided that the holder of the indebtedness secured by the deed of trust had a right to foreclose the deed of trust for the nonpayment of taxes, and said land bank had no knowledge of the claim of the sheriff that he was entitled to be subrogated to the rights of the county in the collection of said taxes.

This action was instituted on 10 November, 1930, on behalf of the bonding company and the sheriff against McGougan. The deed of trust to the land bank was foreclosed and the lands purchased by said bank at the sale.

From the foregoing facts the trial judge was of the opinion "that the lien of taxes having been discharged by the payment and settlement therefor with the county of Cumberland by sheriff McGeachy, the plaintiff, United States Fidelity and Guaranty Company, is entitled to no subrogation to the rights of the county of Cumberland as respects the lien for such taxes; that the aforesaid lands are freed and discharged of any lien for taxes for the years 1925 and 1926, assessed by the county of Cumberland."

From the judgment so rendered the plaintiffs appealed.

*Varser, Lawrence, McIntyre & Henry for plaintiff.*

*J. L. Cockerham, Dickson McLean and H. E. Stacy for defendant, Land Bank.*

BROGDEN, J. The land of a taxpayer is advertised for sale for taxes. Thereupon the taxpayer tenders to the sheriff making the sale a promissory note, payable to said sheriff individually, covering the amount of said taxes. The sheriff enters upon the proper record of said taxes the word "paid," detaches the original receipt, attaches the same to the note, discontinues the advertisement of the land, and in his settlement with the county accounts for and pays the amount of said taxes. The note is not paid by the taxpayer and is thereafter assigned to the surety of the sheriff, which surety pays to the county all amounts due by the sheriff for taxes collected and unpaid during his administration.

The foregoing facts present this question of law: Was the tax lien discharged?

The principles of law bearing upon the question are contained in the following cases, to wit: *Jones v. Arrington,* 91 N. C., 125; *Jones v. Arrington,* 94 N. C., 541; *Kerner v. Cottage Co.,* 123 N. C., 294, 31 S. E., 718; *Berry v. Davis,* 158 N. C., 170, 73 S. E., 900; *Hunt v. Cooper,* 194 N. C., 265, 139 S. E., 446; *Litchfield v. Reid,* 195 N. C., 161, 141 S. E., 543. These cases contain certain sign-boards marking out the highway of the law upon the subject. These may be designated as follows: (1) A tax collector has no right to receive anything in payment of taxes except legal tender. *Kerner v. Cottage Co.,* 123 N. C., 294. Such payment is now regulated by statute C. S., 7977, which provides that taxes are payable in the existing national currency, etc. (2) The payment of delinquent taxes by the sheriff to the county in his settlement does not ordinarily destroy the lien for such taxes. *Berry v. Davis,* 158 N. C., 170; *Hunt v. Cooper,* 194 N. C., 265. (3) If a taxpayer gives the sheriff a check, which is paid by the bank upon which it is drawn out of funds therein on deposit to the credit of the taxpayer, and the canceled check is returned to the taxpayer by such bank, and at the time of such payment the sheriff delivers to the taxpayer the receipt for taxes, then the acceptance of such check and delivery of such receipt effects a payment of the taxes and a discharge of the lien therefor, although the sheriff received no money on the instrument by reason of the failure of the bank. *Litchfield v. Reid,* 195 N. C., 161.

The statute C. S., 7994, subsection 3, requires the sheriff or tax collector to deliver a receipt to the party paying the tax, showing "the name of the party, the date of payment, and the amount paid."

The trial judge has found that the note for the taxes, given by the taxpayer, was accepted by the sheriff, and entry of payment made upon his tax record and the receipt detached from the record and attached to the note. Manifestly any person undertaking to determine the encumbrances and liens upon the land would conclude that the entry made

upon the office record by the official charged with the duty of making such entry, would discharge the lien. The land bank as mortgagee had an interest in the property and was empowered by the deed of trust to foreclose the instrument "for the nonpayment of taxes." The tax records constitute the chief evidence of an outstanding lien for taxes, and in the absence of mistake, fraud, collusion or other vitiating element, the entry of payment, interpreted in the light of the facts found by the trial judge, warrants the conclusion that the lien for said taxes was discharged.

In other jurisdictions cases supporting the judgment rendered are: *Mercantile Trust Co. v. Hart,* 35 L. R. A., 352, and *Camden v. Fink Coal & Coke Company,* 61 A. L. R., 584, and annotation. For instance, the Court of Civil Appeals for Texas, in *Furche v. Mayer,* 29 S. W., 1098, in discussing the principle involved where a note was given for the payment of taxes, said: "We find no well-considered case holding a person entitled to subrogation where he pays off the lien debt simply upon the request of the debtor, unaccompanied by an agreement of subrogation to the discharged lien, or circumstances from which such an agreement may be implied." Compare *Guano Co. v. Walston,* 187 N. C., 667, 122 S. E., 663. Therefore, if a sheriff accepts a note in payment for taxes for the accommodation of the taxpayer, marking the records in his office paid and detaching the original receipt from the record, and thereafter pays said taxes to the county, neither such sheriff nor the bondsman can assert or establish a lien upon the land.

There are certain exceptions in the record to the findings of fact, but it appears that the evidence and reasonable inferences that may be drawn therefrom support the judgment.

Affirmed.

STACY, C. J., took no part in the consideration or decision of this case.