G. A. CALLAHAN ET AL. v. J. F. FLACK, ADMINISTRATOR.

(Filed 12 July, 1933.)

Taxation F c—Sureties paying note given for taxes held not entitled to subrogation to tax lien under facts of this case.

> The owner of land executed a note with sureties for his taxes in order to prevent the foreclosure of the tax liens, and the unsigned tax receipts were detached from the record and attached to the note. After the landowner's death his administrator renewed the note with the same sureties. The sureties were required to pay the note and the sheriff paid the proceeds thereof to the county in settlement of the taxes. The estate was insolvent and the land was sold to make assets. The sureties claimed priority of payment out of the assets of the estate, alleging that it was agreed between the parties that they were to be subrogated to the rights of the sheriff in the event they were required to pay the note: *Held,* the tax lien was lost or rendered unenforceable as against other creditors of the estate, and the sureties were not entitled to priority.

APPEAL by plaintiffs from *McElroy, J.,* at November Term, 1932, of RUTHERFORD.

Controversy without action to determine priority of claim to assets in hands of administrator, submitted on an agreed statement of facts under C. S., 626.

The personal estate of defendant's intestate is insufficient to pay the debts of the deceased, and his lands have been sold to make assets.

The plaintiffs contend they are entitled to a preferred claim against the estate of defendant's intestate by reason of the following facts:

1. On 26 February, 1929, during the lifetime of defendant's intestate, in order to avoid a sale of his land for taxes, levied for the years 1925, 1926, and 1927, the said intestate executed his promissory note, in the amount of $786.80, to W. C. Hardin, sheriff and tax collector of Rutherford County, with the plaintiffs as sureties thereon, and the unsigned tax receipts were attached thereto.

2. This note was renewed by the administrator of the deceased in November, 1930, with plaintiffs as sureties on said renewal note, and the tax receipts with others for the years 1926 and 1927 were also attached thereto.

3. In October, 1931, plaintiffs as sureties were required to pay said note, in consequence of which they now claim a lien on the funds derived from a sale of the lands to make assets. This by right of subrogation, they say. It was agreed by the sheriff, defendant's intestate and the plaintiffs that the tax lien should remain in force until said note was paid, and that plaintiffs should be subrogated to the rights of the sheriff in case they were required to pay the note.

4. The sheriff paid the amount of said note to Rutherford County in his annual tax settlement with the county.

From an order denying the plaintiffs any priority to assets in hands of administrator, they appeal, assigning error.

*Slover P. Dunnagan for plaintiffs.*
*Quinn & Hamrick and J. S. Dockery for defendant.*

STACY, C. J. It would seem that under the decision in *Guaranty Co. v. McGougan,* 204 N. C., 13, the tax lien was lost or rendered unenforceable, certainly as against other creditors of the estate, when the original receipts were detached from the record, and the sheriff settled with the county for said taxes.

The case is unlike *Hunt v. Cooper,* 194 N. C., 265, 139 S. E., 446, *Berry v. Davis,* 158 N. C., 170, 73 S. E., 900, where it was held, in line with a number of decisions, that the sheriff's settlement with the county did not extinguish the delinquent taxpayer's liability. *Jones v. Arrington,* 91 N. C., 125; *S. c.,* 94 N. C., 541.

In the instant case, as in *Guaranty Co. v. McGougan, supra,* the rights of others have intervened—creditors who are entitled to rely upon the public records.

Affirmed.