TOWN OF TAYLORSVILLE v. R. L. MOOSE AND WIFE, FLORENCE HAFER MOOSE; WILLIAM L. MOOSE AND WIFE, ADA MOOSE; ALMA WARREN AND HUSBAND, L. M. WARREN; MANO MOOSE JENKINS AND HUSBAND, SHUFORD JENKINS; MRS. ARLIE WHITE AND HUSBAND, WADE M. WHITE; SOLON MOOSE, LAURA BOWMAN AND HUSBAND, A. T. BOWMAN.

(Filed 3 November, 1937.)

**Payment § 11: Municipal Corporation § 34—Introduction of receipts in evidence establishes prima facie payment, taking issue to the jury.**

In this suit to foreclose lien for street assessments, defendants offered in evidence receipts issued by the clerk of the town acknowledging payment in full. Plaintiff municipality offered evidence that the receipts were given by the clerk without authority, in exchange for notes, which transaction did not constitute payment, C. S., 7977. *Held:* Defendants did not admit that the receipts were given in exchange for notes, and the introduction of the receipts in evidence established *prima facie* payment entitling defendants to the submission of the issue to the jury, under appropriate instructions, and a directed verdict for plaintiff municipality is error.

APPEAL by defendants from *Pless, J.,* at June Term, 1937, of ALEXANDER. New trial.

Action to foreclose lien for alleged unpaid street assessments levied on lots of W. L. Moose, now deceased. The defendants are his heirs at law.

Defendants pleaded payment. The trial judge gave peremptory instructions to the jury to answer the issues in favor of the plaintiff for the amounts claimed.

From judgment on the verdict defendants appealed.

*Burke & Burke for plaintiff, appellee.*

*A. C. Payne, Sam Poole, and Thos. P. Pruitt for defendants, appellants.*

DEVIN, J. In support of their plea of payment the defendants offered in evidence two receipts issued by the clerk of the town of Taylorsville acknowledging payment of the total balance due on the street assessments sued on, and also certain audits of the town, covering the period, in which the statement of street assessments showed nothing due by the Moose estate.

The plaintiff in rebuttal alleged and offered evidence tending to show that the receipts were given by the clerk, without authority of the town, in exchange for certain notes of the Campbell Lumber Company, that no money was actually paid, and that on the books of the town the transaction was entered as a credit "by note."

The statute provides that taxes are payable in existing national currency (C. S., 7977), and it has been held that ordinarily the tax collector has no right to receive payment in any other form, so as to discharge the lien (*Guaranty Co. v. McGougan,* 204 N. C., 13, 167 S. E., 387; *Kerner v. Cottage Co.,* 123 N. C., 294, 31 S. E., 718). But the production of the receipts of the town clerk, showing payment in full, constituted *prima facie* evidence of payment by the defendants, and this would require that the issues raised be submitted to the jury for their determination, under appropriate instructions from the court. The defendants did not admit that the receipts were given for notes or for payment in any other form than money. *R. R. v. Lumber Co.,* 185 N. C., 227, 117 S. E., 50.

There was error in giving the peremptory instructions complained of, necessitating a new trial.

New trial.